

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# Oliveira, et al v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3240

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Oliveira, et al v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1157.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1157

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3240
_____

CARLOS CESAR DE OLIVEIRA; KATIA OLIVEIRA,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A70 105 085, A97 480 680)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2009

Before:  SLOVITER, STAPLETON and COWEN, <u>Circuit Judges</u>

(Opinion filed : June 22, 2009)
_____

OPINION
_____

PER CURIAM

Carlos and Katia Oliveira petition for review of a Board of Immigration Appeals

("BIA") decision dismissing their appeal of the Immigration Judge's ("IJ") decision

denying their applications for adjustment of status and cancellation of removal.  We will

dismiss in part and deny in part the petition for review.

Carlos Oliveira and his wife, Katia, are natives and citizens of Brazil. Carlos Oliveira first entered the United States in 1986 as a visitor. He departed in 1989 and tried to re-enter the country in 1991 with a fraudulent visa. Carlos Oliveira was deported, but he re-entered the United States again without inspection in 1995. Katia Oliveira came to the United States in 1996 as a visitor. The couple married in New Jersey in 1999, and they have two young children, who are United States citizens.

Carlos Oliveira's employer applied for, and was granted, a labor certification on his behalf. The Immigration and Naturalization Service also approved a petition for alien worker filed by his employer. Carlos Oliveira then applied for adjustment of status to a lawful permanent resident. Katia Oliveira also applied for adjustment of status as a derivative beneficiary of her husband's adjustment of status application.

In 2005, the Department of Homeland Security ("DHS") denied the application, finding Carlos Oliveira statutorily ineligible for adjustment of status because he was inadmissible due to his earlier entry with a fraudulent visa and deportation. DHS also found Carlos Oliveira statutorily ineligible for a waiver of inadmissibility under § 212(i) of the Immigration and Nationality Act, which requires a showing of extreme hardship to a citizen or lawfully resident spouse or parent. DHS noted that he did not have a qualifying relationship. DHS also denied Katia Oliveira's derivative application for an adjustment of status. The Oliveiras unsuccessfully appealed the decisions to the

2

Administrative Appeals Office.

DHS began removal proceedings in 2006, charging that Carlos Oliveiras was subject to removal because he was present without having been admitted or paroled, and that Katia Oliveiras was subject to removal because she remained in the United States longer than authorized. The Oliveiras conceded their removability and applied for cancellation of removal and an adjustment of status.

The IJ determined that Katia Oliveiras was statutorily ineligible for cancellation of removal because she did not did not have ten years of continuous physical presence in the United States as required by 8 U.S.C. § 1229b(b)(1)(A). The IJ further determined that neither Katia nor Carlos Oliveiras established that their removal would result in exceptional and extremely unusual hardship to a qualifying relative, in this case their children, as required by 8 U.S.C. § 1229b(b)(1)(D). The IJ also stated that he did not find Carlos Oliveiras worthy of a favorable exercise of discretion, noting that he came to the United States with a fraudulent visa, that he had illegally re-entered after deportation, and that he had provided a false answer on his adjustment of status application as to whether he had ever been deported.

The IJ also determined that he would deny the applications for adjustment of status because Carlos Oliveiras had not filed a Form I-601, required for a § 212(i) waiver of inadmissibility based on fraud. The IJ further noted that, even if Carlos Oliveiras had filed the form, he would deny the waiver because Carlos Oliveiras had not shown the

3

requisite extreme hardship to a qualifying relative. Finally, the IJ stated that he would deny a § 212(i) waiver in the exercise of discretion based on Carlos Oliveira's flagrant violation of the immigration laws.

The BIA adopted and affirmed the IJ's decision, rejecting the Oliveiras's arguments that the IJ failed to consider the positive equities in their case, that Katia Oliveira could derive the requisite continuous physical presence from her husband's presence, and that the current version of § 212(i) has an impermissible retroactive effect. This petition for review followed.

We must first determine our jurisdiction over the petition for review. The Government correctly argues that we lack jurisdiction to review discretionary determinations underlying the denial of waivers and cancellation of removal. See Cospito v. Attorney General, 539 F.3d 166, 170-71 (3d Cir. 2008) (dismissing portion of petition for review challenging § 212(i) discretionary waiver determination); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) (holding determination regarding hardship requirement for cancellation of removal is discretionary and unreviewable). The Oliveiras argue in their brief that they satisfied the hardship requirement for cancellation of removal. Because we are without jurisdiction to consider this argument, the Government's motion to dismiss the petition for review is granted to the extent the Oliveiras challenge the IJ's determination that they did not satisfy the

hardship requirements for cancellation of removal or the § 212(i) waiver.[1]

The Oliveiras also argue that the BIA erred and violated their due process rights in concluding that the application of § 212(i) does not have an impermissible retroactive effect. The Oliveiras's argument is based on the 1996 changes to § 212(i), requiring Carlos Oliveira to show that his removal would result in extreme hardship to a United States citizen parent or spouse. See 8 U.S.C. § 1182(i). The version of § 212(i) that was in effect in 1991, when Carlos committed fraud in entering the United States, did not require such a showing. Unlike the current version of § 212(i), the pre-IIRIRA version also allowed parents of United States citizens to obtain a waiver.

Although we have jurisdiction to review this constitutional question, see 8 U.S.C. § 1252(a)(2)(D), we decline to do so in this case. Even if we were to conclude that the Oliveiras's argument has merit, the IJ further found that the Oliveiras were not eligible for the waiver because Carlos Oliveiras did not file the requisite Form I-601. The Oliveiras have not challenged this ruling. Moreover, the IJ concluded that he would not exercise his discretion to grant a waiver based on Carlos Oliveiras's disregard of the immigration laws, and we lack jurisdiction to review this decision. Thus, a decision

---

[1] Although the Oliveiras also state in their brief that the IJ denied them a fair hearing by failing to hear all of the relevant testimony, they do not explain or discuss this assertion. Similarly, the Oliveiras have not developed an argument as to whether the IJ erred in concluding that Katia Oliveira did not satisfy the ten-year continuous physical presence requirement for cancellation of removal. These issues have not been properly preserved for our review and we will not address them. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

regarding the application of § 212(i) would not affect the outcome of this case.

Accordingly, we will deny in part and dismiss in part the petition for review.