NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4722
_____

ALEX DANIEL RUIZ-DE LA CRUZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-742-107)
Immigration Judge: Honorable Henry Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011
Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: April 12, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Alex Ruiz-De La Cruz ("Ruiz") petitions for review of a final order entered by the

Board of Immigration Appelas ("BIA"), which dismissed his appeal of an immigration

judge's ("IJ") denial of his application for cancellation of removal.  For the following

reasons, we will grant the Government's motion to dismiss the petition for lack of

jurisdiction.

Ruiz is a native and citizen of Guatemala. He entered the United States in 1995 as a lawful nonimmigrant visitor. He overstayed his visa and, in February 2008, the Government instituted removal proceedings against him. He conceded removability, but requested cancellation of removal under 8 U.S.C. § 1229b(b)(1), alleging that his removal would result in an exceptional and extremely unusual hardship to his three-year old son. At an October 2008 hearing, Ruiz testified that he lives with his wife, who is a citizen of Panama in the United States illegally, and his son, who is a United States citizen. At the time of the hearing, his wife was pregnant with the couple's second child. Ruiz testified that both he and his wife worked, but that he provided most of the financial support for the household. He also provides financial support to his two children—one also a United States citizen—living in Guatemala with their mother. He further stated that removal to Guatemala would result in his separation from his wife, son, and unborn child. Finally, he testified that he would make less money in Guatemala and thus would be unable to continue to financially support his children.

The IJ considered the family's circumstances but found that Ruiz's removal, while creating an economic hardship, would not constitute exceptional and extremely unusual hardship to the three-year old son.[1] The IJ denied Ruiz's application for cancellation of removal and granted his alternative request for voluntary departure. The BIA agreed with

---

[1] The IJ also found that Ruiz's removal would not constitute a hardship to his older daughter, the United States citizen who is living in Guatemala with her mother. Ruiz

2

the IJ, finding that Ruiz had failed to meet his burden of establishing that the hardship for his son rises to the level of exceptional and extremely unusual hardship. Ruiz filed a timely petition for review.

While we ordinarily have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1), Congress has also provided that "no court shall have jurisdiction to review [. . .] any other decision or action of the Attorney General the authority for which is specified under this subchapter [8 U.S.C. §§ 1151-1378] to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B). While we retain jurisdiction to review constitutional claims and questions of law raised in a petition for review, Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006); 8 U.S.C. § 1252(a)(2)(D), this jurisdiction is "narrowly circumscribed," Jarbough v. Attorney Gen. of the United States, 483 F.3d 184, 188 (3d Cir. 2007).

The Attorney General (through the BIA and the IJ) may grant cancellation of removal to an alien who, inter alia, "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). We have held that the decision whether an alien has established an "exceptional and extremely unusual hardship" is a discretionary decision not subject to judicial review. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). Thus, we may not disturb the BIA's decision affirming the IJ's finding that Ruiz did not

---

does not challenge this finding.

3

make the required showing for cancellation of removal under § 1229b(b)(1).

Here, the sole issue raised in Ruiz's brief is "whether the Immigration Judge ("IJ") erred in denying petitioner's eligibility for cancellation of removal under the standards enunciated by the Board of Immigration Appeals in this case." Although he couches his argument in constitutional terms by alleging that the three-year old son's due process rights would be violated if Ruiz were removed, his argument is essentially a claim that the IJ erred in its consideration of Ruiz's hardship factors. This is precisely the kind of claim for which we lack jurisdiction. "A party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review." Cospito v. Attorney Gen. of the United States, 539 F.3d 166, 170 (3d Cir. 2008).

Accordingly, we grant the Government's motion and will dismiss the petition for review for lack of jurisdiction.

4