**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4726
_____

KAMORUDEEN SOWEMIMO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-821-925)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2011
Before:  RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 5, 2011)
_____

OPINION
_____

PER CURIAM

        Kamorudeen Sowemimo petitions for review of the Board of Immigration

Appeals's ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ")

order denying Sowemimo's application for relief under the Convention Against Torture

("CAT") and directing his removal to Nigeria.  For the reasons that follow, we will

dismiss the petition for review.

I

Sowemimo, a citizen of Nigeria, entered the United States without inspection in 1993. However, he obtained conditional permanent resident status in 1998 and, in March 2001, became a lawful permanent resident. In September 2001, Sowemimo was convicted in federal court of participating in a conspiracy to distribute heroin, and he was sentenced to 168 months' imprisonment.

In 2009, Sowemimo was served with a notice to appear, which charged him as removable for, among other things, having committed an aggravated felony. Sowemimo appeared before the IJ and conceded all of the charges against him, but sought relief under the CAT. Sowemimo explained that, in 2003, a fellow inmate attempted to sexually assault him. Although Sowemimo was initially overpowered, he was able to fend off his attacker with other inmates' help. Sowemimo was then transferred to a different facility and given counseling. Sowemimo argued that homosexual contact is illegal in Nigeria and, because his attack had become public knowledge in Nigeria after he told his relatives, he would be subject to torture. Sowemimo was particularly concerned that authorities would torture him to coerce a false confession that he willingly engaged in homosexual contact, such a confession being necessary for a conviction under Nigerian law, and that he would be imprisoned or executed.

In support of his CAT application, Sowemimo submitted notes from his psychologist indicating that he fears returning to Nigeria because he would be perceived

2

as homosexual, as well as news articles and country reports indicating that Nigeria generally treats homosexuals poorly and criminalizes homosexual relationships. The IJ denied relief, reasoning that Sowemimo failed to demonstrate a likelihood that he would be tortured by or at the instigation of, or with the consent or acquiescence of, a public official. In the IJ's view, Sowemimo did not present sufficient evidence that Nigeria punishes individuals for engaging in homosexual relationships abroad or for being the victim of a sexual assault perpetrated by a person of the same sex.

On appeal, the BIA conducted de novo review and, agreeing with the IJ's determination, dismissed Sowemimo's appeal. Sowemimo filed a petition for review, but we granted the Government's unopposed motion to remand in light of this Court's decision in Kaplun v. Att'y Gen., 602 F.3d 260 (3d Cir. 2010). See C.A. No. 10-1565 (order entered August 10, 2010). On remand, the BIA applied the Kaplun framework for reviewing the IJ's decision and reached the same conclusion, i.e., that the IJ's decision was correct. Sowemimo then filed this petition for review.

II

As the Government argues in its brief, we generally lack jurisdiction to review a final order of removal against a criminal alien, like Sowemimo, who is removable for having committed an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). Even when this jurisdiction-stripping provision applies, we may review "constitutional claims or questions of law" raised in a petition for review. See § 1252(a)(2)(D). However, "[o]ur jurisdiction in that respect is 'narrowly circumscribed' in that it is limited to 'colorable

3

claims or questions of law.'" Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010)

(quoting Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (per curiam)) (quotation

marks and citation omitted in original).  A claim is not colorable if "it is immaterial and

made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and

frivolous." Id. (internal quotation marks and citation omitted).  We must therefore

determine at the outset whether Sowemimo's petition raises a colorable legal or

constitutional question, as distinguished from factual questions over which we lack

jurisdiction.  See Alaka v. Att'y Gen., 456 F.3d 88, 102 (3d Cir. 2006).

As we explained in Kaplun, an IJ's evaluation of a CAT claim includes two

distinct questions:  "(1) what is likely to happen to the petitioner if removed; and (2) does

what is likely to happen amount to the legal definition of torture?"[1]  602 F.3d at 271.  The

first of these two questions is a factual matter. See id.  Sowemimo's primary argument

on appeal is that the IJ and BIA erred in concluding that he did not show a likelihood that

he will be harmed if he returns to Nigeria.  This plainly amounts to an attack on the

Agency's factual determination, and we lack jurisdiction to entertain Sowemimo's

argument.

Construing Sowemimo's pro se petition liberally, we discern only two possible

legal arguments over which we might have jurisdiction.  First, Sowemimo characterizes

the sexual assault he endured as torture and suggests that the attack therefore qualifies

---

[1] To prevail on a claim for relief under the CAT, an applicant "bears the burden of establishing 'that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal.'" Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)).

4

him for CAT relief. Although we express our agreement with the IJ that Sowemimo was the victim of an unconscionable sexual attack, the violence he suffered while incarcerated in the United States does not, under the governing law, provide a basis for deferring his removal to Nigeria.[2] See generally 8 C.F.R § 1208.16(c)(3).

Next, Sowemimo argues that the BIA impermissibly ignored evidence. Although Sowemimo correctly notes that the BIA must consider evidence that is favorable to him, see Espinosa-Cortez v. Att'y Gen., 607 F.3d 101, 107 (3d Cir. 2010), the BIA's review is limited to the record before the IJ. See 8 C.F.R. § 1003.1(d)(3)(iv) ("the Board will not engage in factfinding in the course of deciding appeals"). The evidence Sowemimo claims the BIA should have examined consists almost entirely of articles and reports presented for the first time in his petition for review. Neither the BIA nor this Court could review these new documents, see Berishaj v. Ashcroft, 378 F.3d 314, 329-30 (3d Cir. 2004), and the BIA's opinion reflects that it considered the record before it, which is all the law requires. See Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (the BIA need not "'expressly parse . . . each individual argument or piece of evidence offered by the petitioner . . .'" (quoting Wang v. BIA, 437 F.3d 270 (2d Cir. 2006))). In sum, Sowemimo has not raised a colorable legal or constitutional claim in his petition for review.

Accordingly, we will dismiss the petition for review.

---

[2] In any event, it does not appear that Sowemimo presented this argument to both the IJ and BIA. Thus, his argument is unexhausted, and we lack jurisdiction to review it. See Lin v. Att'y Gen., 543 F.3d 114, 120 & n.6 (3d Cir. 2008).