**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3420
_____

MICHAEL BROWNE,
                                            Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-617-710)
Immigration Judge:  Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2012

Before:  AMBRO, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Filed: May 2, 2012 )
_____

OPINION
_____

PER CURIAM

       Michael Browne, a citizen of Guyana, has filed a petition for review to challenge a

final order of removal issued by the Board of Immigration Appeals ("BIA").  We reject

Browne's challenge, and will dismiss the petition in part and deny it in part.

In July 1984, Browne was admitted to the United States as a lawful permanent resident. More than twenty years later, he was convicted in federal court of conspiring to traffic at least 500 grams of cocaine. Browne is in the midst of serving a six-year prison sentence pursuant to that drug conviction.

The Department of Homeland Security initiated removal proceedings against Browne, who was charged with three separate violations of the Immigration and Nationality Act ("INA"): (1) offense of conviction constitutes illicit trafficking in a controlled substance, see INA §§ 101(a)(43)(B) and 237(a)(2)(A)(iii); (2) offense of conviction constitutes a conspiracy to commit an aggravated felony, see INA §§ 101(a)(43)(U) and 237(a)(2)(A)(iii); and (3) offense of conviction relates to a controlled substance, see INA § 237(a)(2)(B)(i).

At a July 2009 hearing, Browne appeared *pro se* before Immigration Judge Walter Durling ("the IJ"). The IJ postponed removal proceedings for two months, and then again for four months, so that Browne could secure representation. The IJ warned Browne that, "[w]ith or without an attorney, we're going to proceed at that point." AR at 106. Browne appeared *pro se* at his next hearing. The IJ asked Browne four questions, sustained the removal charges, and ordered Browne removed to Guyana. On appeal, the BIA affirmed the IJ's removability determination but remanded the case because the IJ never informed Browne of his potential eligibility for deferral of removal under the Convention Against Torture ("CAT").

At a May 2011 merits hearing, Browne appeared *pro se* and was permitted to testify in support of an application for CAT protection. Browne testified that he feared reprisals from Shaheed "Roger" Khan, "the head of a notorious phantom gang" in Guyana, based on information allegedly provided to United States government agents by one of Browne's codefendants from his federal drug trafficking case.[1] AR at 133. Browne testified that his fear of prospective torture stemmed from listening to jailhouse rumors and from reading newspaper articles, though neither source mentioned Browne's name specifically. Browne also testified that his girlfriend – she, too, a defendant in the drug case – was at some point stabbed and robbed on the island of Saint Lucia.

Browne submitted documentary evidence suggesting that Khan at one time had ties to government security forces in Guyana. For its part, the Government submitted a 2009 country report on Guyana prepared by the State Department.

The IJ found Browne's testimony to be credible but denied his request for CAT protection. The IJ found that Browne never provided to United States government agents information about Khan or his associates, and further that Browne "really could point to nothing substantial that would lead the Court to believe his life is in danger from anyone in Guyana." AR at 74. The IJ found that, based on the documentary evidence submitted,

---

[1] Following extradition to the United States, Khan pleaded guilty in an unrelated criminal case to separate counts of conspiracy to import cocaine, obstruction of justice, and being a felon in possession of a firearm. He was sentenced to fifteen years of imprisonment. See United States v. Khan, Dist. Ct. No. 06-cr-255, ECF dkt #232 (E.D.N.Y. Nov. 3, 2009).

3

"the government in Guyana is investigating the phantom gang and any tentacles into the government." Id. The IJ also found that "the girlfriend being attacked" had no relation to Browne or the "phantom gang." Id. The IJ thus determined that the record was devoid of evidence showing "that the government of Guyana is likely or inclined to torture the Respondent upon his return." AR at 75.

In an August 2011 decision, the BIA dismissed Browne's appeal. This petition for review followed.

## II.

We have jurisdiction under INA § 242(a)(1) to review final orders of removal. However, "[p]rior to raising an issue for judicial review, a petitioner must exhaust all administrative remedies available as of right regarding that issue." Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 593 (3d Cir. 2011). Exhaustion under INA § 242(d)(1) is a jurisdictional requirement, id., and it is issue-specific. Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012).

When the BIA issues its own decision, we limit our review to that decision against the backdrop of the administrative record. See Demandstein v. Att'y Gen., 639 F.3d 653, 655 (3d Cir. 2011) (per curiam). Because Browne was found removable for having committed an aggravated felony, our jurisdiction, and therefore the scope of our review, is further constrained by INA § 242(a)(2)(C). Accordingly, we exercise jurisdiction only to the extent that we are called upon to resolve constitutional claims or questions of law.

4

Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (per curiam). Our standard of review is plenary. Denis v. Att'y Gen., 633 F.3d 201, 205-06 (3d Cir. 2011).

III.

In his *pro se* opening brief, Browne first claims that, in ruling on his request for CAT protection, the BIA misapplied its standard of review and violated the teachings of Kaplun v. Attorney General, 602 F.3d 260 (3d Cir. 2010). We disagree.

In Kaplun, we explained that whether an alien is likely to be tortured upon removal is a mixed question of law and fact. Id. at 271. An IJ's findings concerning probabilities of future events are factual in nature and are to be reviewed by the BIA for clear error only. Id. at 271-72. Whether those events constitute "torture," however, is a determination of law reviewed by the BIA *de novo*. Id.

Here, there is no indication that the BIA deviated from Kaplun, which, notably, was cited in the BIA's August 2011 decision. The IJ found Browne's testimony credible, and the BIA did not conclude otherwise. In the more recent brief he filed with the BIA, Browne did not specifically challenge any of the IJ's factual findings as clearly erroneous. Rather, Browne appears to have asked the BIA to adopt an alternate set of facts having little or no basis in the record. Given those circumstances, the BIA's August 2011 decision was properly focused on issues of law – whether the facts found by the IJ showed Browne was likely to be tortured by, or with the acquiescence of, the Guyanese government – issues for which it correctly applied a plenary standard of review. Therefore, Browne's first claim is without merit.

5

The memorandum of law attached to Browne's informal brief interweaves his first claim with the second, to which we now turn. We glean that there are two parts to Browne's second claim: "The Board failed to sufficiently review all relevant evidence of torture under 8 C.F.R. § 1208.16(c)(3); and whether the BIA erred in determining that the evidence Petitioner presented did not amount to torture as that term is defined under law." Browne Br. at 4.

Regarding the first part of Browne's second claim, we observe that the related agency-level brief was thin on substance. Nevertheless, in its August 2011 decision the BIA carefully reviewed the procedural history of Browne's case and laid out its standard of review in detail. The BIA cited its precedent from Matter of J-F-F-, 23 I. & N. Dec. 912 (2006), in agreeing with the IJ that Browne failed to show by a preponderance of evidence each step in his hypothetical chain of events supporting CAT relief. Moreover, the BIA addressed all of the legal arguments made by Browne, and it even addressed hypothetical arguments to demonstrate the soundness of its ruling. We therefore conclude that the BIA's August 2011 decision was sufficiently detailed, see Kamara v. Att'y Gen., 420 F.3d 202, 212 (3d Cir. 2005) ("[A]n agency need only set forth the basis of its administrative action with such clarity as to be understandable; it need not provide a detailed statement of its reasoning and conclusions.") (internal quotation marks omitted), and faithful to CAT's implementing regulations. See 8 C.F.R. § 1208.16(c)(3).

We also conclude that section 242(a)(2)(C) of the INA precludes our review of the second part of Browne's second claim to the extent he is asking us generally to reweigh

facts in the record. To the extent, however, that Browne's claim is instead one that challenges the BIA's application of undisputed facts to the legal standard for CAT protection, see, e.g., Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006), we will reject it on the merits. Browne's credible testimony, in combination with the documentary evidence and background materials, does not come close to showing that his torture will be likely upon removal to Guyana. The BIA correctly determined as much.

Finally, Browne claims that the IJ erred in failing to grant him a third continuance of removal proceedings in order to secure legal representation. Browne never raised this claim before the BIA and we thus lack jurisdiction to consider it.[2] See Valdiviezo-Galdamez, 663 F.3d at 593. Even if we were to construe this claim as sounding in due process, it is of the type that should have been presented to the BIA in the first instance. See Khan v. Att'y Gen., 448 F.3d 226, 236 n.8 (3d Cir. 2006) ("[B]ecause this claim [that the IJ failed to grant a continuance], stripped of its 'due process' label, is a claim of

---

[2] The BIA has an obligation to liberally construe *pro se* submissions from aliens in removal proceedings. See Higgs v. Att'y Gen., 655 F.3d 333, 339-340 (3d Cir. 2011). Concerning Browne's first appeal, the BIA interpreted his brief as raising a claim that the IJ failed to consider Browne's apparent fear that he would be tortured if removed to Guyana. "The Board accepted Browne's argument in this regard, and it cured any error by remanding Browne's case to the Immigration Judge for further proceedings." Gov't Br. at 18-19. We are satisfied that the BIA fulfilled its obligation of liberal construction and, relatedly, that nothing in either of Browne's agency-level briefs could be interpreted as a challenge to the IJ's alleged denial of Browne's "quasi application of verbal continuance." Browne Br. at 9.

procedural error that could have been addressed by the BIA on appeal, the requirement that Khan exhaust administrative remedies applies.").

Accordingly, Browne's petition for review will be dismissed for lack of jurisdiction in part and denied in part.