

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2008

# Cospito v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 07-1619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cospito v. Atty Gen USA" (2008). *2008 Decisions.* Paper 588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-1619
_____

LESLINE VERONICA COSPITO,
a/k/a Lesline Stewart,
*Petitioner*

v.

ATTORNEY GENERAL OF THE UNITED STATES,
*Respondent*


_____

On a Petition For Review of a Decision
of the Board of Immigration Appeals
(Agency No. A74-967-725)
Immigration Judge:  Hon. Miriam K. Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
August 13, 2008

Before:  FUENTES, ALDISERT AND GARTH, <u>CIRCUIT
JUDGES</u>

(Filed: August 14, 2008)

Steven A. Morley, Esquire
Morley, Surin & Griffin
325 Chestnut Street
Suite 1305-P
Philadelphia, PA 19106

    *Attorney for Petitioner*

Peter D. Keisler
  Assistant Attorney General, Civil Division
David V. Bernal
  Assistant Director
Andrew C. Maclachlan, Esquire
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

     *Attorneys for Respondent*

_____

**OPINION OF THE COURT**

_____

*PER CURIAM*

     Petitioner, Lesline Veronica Cospito, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, the petition for review will be dismissed in part and denied in part.

**I.**

     Cospito, a native and citizen of Jamaica, arrived in the United States on February 14, 1991 as non-immigrant temporary worker with authorization to remain in this country until July 31, 1991. Cospito remained longer and, despite having two convictions for crimes involving moral turpitude (i.e., Pennsylvania retail theft convictions from June 30, 1993 and March 28, 1996), Cospito managed to adjust her status to that of a lawful permanent resident ("LPR") on October 20, 1998 on the basis of a marriage to a man nearly forty years her senior. After determining that Cospito willfully misrepresented the material facts of her two state court convictions by failing to disclose them, the former Immigration and Naturalization Service (now the Department of Homeland Security ("DHS")) served her with a Notice to Appear on December 9, 2002, charging her as being subject to removal under INA § 237(a)(1)(A) [8 U.S.C. §

2

1227(a)(1)(A)], as an alien inadmissible at the time of entry or adjustment of status because she procured her immigrant visa and admission to the United States by fraud or the willful misrepresentation of a material fact and as an alien who had been convicted of a crime involving moral turpitude, as well as under INA § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)] as an alien who had been convicted of two or more crimes involving moral turpitude after admission. A.R. 574-577.[1] The government subsequently filed additional factual allegations in support of the charge of inadmissibility on the basis of Cospito's failure to disclose two previous applications for permanent residence when she sought to adjust her status in 1996. A.R. 570-573.

The Immigration Judge ("IJ") sustained the removal charges based on Cospito's certified records of conviction and on her 1996 I-485 adjustment application (wherein she misrepresented that she had not previously applied for adjustment when, in fact, two prior adjustment applications had been filed on her behalf). Cospito thereafter requested a waiver under INA § 212(h) for her two criminal convictions and a § 212(i) waiver for her failure to disclose those convictions and her prior applications on the I-485. The IJ, however, determined that Cospito was statutorily ineligible for a waiver under either INA §§ 212(h) or 212(i) [8 U.S.C. §§ 1182(h) & (i)] insofar as both waivers require the applicant to establish hardship to a qualifying relative if the applicant is removed, a requirement the IJ concluded Cospito was unable to meet. Finally, the IJ found that Cospito was also statutorily ineligible for voluntary departure. Accordingly, the IJ denied petitioner's waiver requests and ordered her removed to Jamaica. A.R. 91-100.

On appeal, the BIA adopted and affirmed the IJ's decision with certain additions. The BIA found meritless Cospito's argument that the DHS was collaterally estopped from initiating removal proceedings since it should have previously known of her criminal history and the existence of her prior

---

[1] "A.R." denotes the Administrative Record.

3

applications to adjust status, notwithstanding that she denied these facts in writing. The BIA concluded that both it and the IJ lacked the authority to estop the DHS from pursuing a lawful course of action. The BIA went on to state that Cospito is not entitled to retain her status as a lawful permanent resident when that status was erroneously granted based upon her own misrepresentations. The BIA further found no clear error with the IJ's factual findings, agreed that Cospito failed to show that extreme hardship would occur to a qualifying relative for waiver purposes, and affirmed the IJ's denial of voluntary departure as it would have denied that benefit in the exercise of discretion given her repeated attempts to obtain an immigration benefit by providing false information. A.R. 39. The BIA dismissed Cospito's appeal accordingly.

Cospito thereafter petitioned this Court for review of the BIA's order on February 6, 2006. The following day, we issued our decision in Duvall v. Attorney General, 436 F.3d 382, 390 (3d Cir. 2006), wherein we concluded that "the INA will be held to incorporate common law principles of collateral estoppel," and that the BIA is required to apply those principles under certain circumstances. We thus granted respondent's unopposed motion and remanded the matter to the BIA for it to consider petitioner's contention that the IJ should have terminated removal proceedings in accordance with the doctrine of collateral estoppel in light of the previous grant of LPR status to Cospito. See C.A. No. 06-1488. In a decision subsequently issued on February 2, 2007, the BIA once again dismissed Cospito's appeal after concluding that she could not use her LPR status, which she secured through fraud, as a shield against removal.

The BIA recognized this Court's determination in Duvall, 436 F.3d at 387, that collateral estoppel can apply in immigration proceedings because the adjudicatory functions of the Immigration Courts and the BIA are inherently judicial in nature. However, the BIA also referenced our citation in Duvall to the Supreme Court's holding in Pearson v. Williams, 202 U.S. 281 (1906), that collateral estoppel did not prevent the DHS from instituting deportation proceedings after initially granting

4

an alien permission to enter the country. The BIA observed that "such a decision was based primarily on the limited scope and non-adjudicative nature of the entry examination, 'attributes that are not shared by modern removal hearings.'" A.R. 3, quoting Duvall, 436 F.3d at 389. The BIA likened the DHS's initial decision to grant an adjustment of status in this case more to the entry examination mentioned in Duvall than an adversarial process. The BIA explained that, when Cospito's adjustment determination was made, there was no adjudicative hearing with opposing parties. Additionally, the DHS had no evidentiary burden of proof to meet and was not required to rebut any evidence concerning whether Cospito was eligible to adjust. The BIA also noted that Cospito's written assertions (including those in her adjustment application) that she had no criminal history were themselves evidence for DHS to consider. The BIA further found that the IJ did not clearly err in finding those written materials to be more persuasive of what Cospito told the DHS agency official than her subsequent unsupported statements to the contrary. Finally, the BIA noted the fact that Cospito did not contend that she had filed an application of waiver of inadmissibility with the DHS, which should have been required if the DHS knew of her convictions. Id., citing INA § 212(h) (conviction waiver); INA § 212(i) (fraud waiver). Thus, neither waiver was actually adjudicated or litigated during Cospito's adjustment of status before the DHS, and, according to the BIA, Cospito's use of fraud to affect the outcome of that application demonstrated that it was not a "full and fair litigation." Id. 4 ("The need for a fraud waiver under section 212(i) of the Act–for fraudulently obtaining an immigration benefit–arose as a *result* of [Cospito's] actions during that adjustment process, and thus could not have been adjudicated at that time."). In light of the foregoing, the BIA concluded that the "DHS was not collaterally estopped from raising or litigating any issues before the Immigration Judge or [the] Board concerning [Cospito's] adjustment of status, removability, or any waiver of inadmissibility." Id.

Once again, Cospito petitions this Court for review of the BIA's order. In that petition, Cospito asserts that the DHS should be collaterally estopped from raising as a basis for her

removal convictions that it either knew about, or should have known about, at the time of the grant of LPR status, and that the IJ failed to properly consider all of the evidence of extreme hardship presented in support of her *nunc pro tunc* waiver requests and to examine such evidence in the aggregate.

**II.**

We have jurisdiction over the petition pursuant to INA § 242 [8 U.S.C. § 1252]. As the government correctly points out, however, our jurisdiction does not extend to an agency's factual and discretionary determinations underlying the denial of waivers based on an analysis involving extreme hardship. See INA 242(a)(2)(B) [8 U.S.C. § 1252(a)(2)(B)(i); Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) ("[W]e join our sister courts in concluding that despite the changes of the REAL ID Act, factual or discretionary determinations continue to fall outside the jurisdiction of the courts of appeals entertaining a petition for review."). See also Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) (judgment regarding whether an alien will suffer an "exceptional and extremely unusual hardship" for cancellation of removal is a discretionary one); Rodrigues-Nascimento v. Gonzales, 485 F.3d 60, 62 (1st Cir. 2007) (IJ's analysis of extreme hardship under § 1182(h) "is precisely the type of review that is precluded by 8 U.S.C. § 1252(a)(2)(B)"); Camara v. Dep't of Homeland Sec., 497 F.3d 121, 124 (2d Cir. 2007) (Court of Appeals lacks jurisdiction to review the factual and discretionary decisions underlying the denial of an application for a waiver of inadmissibility based on "extreme hardship"). Moreover, while we retain jurisdiction under INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)] to review colorable "constitutional claims or questions of law," that jurisdictional grant is "narrowly circumscribed." See Jarbough v. Attorney General, 483 F.3d 184, 188 (3d Cir. 2007). A party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review. Id. at 189-90.

Cospito's challenge to the waiver determination in the instant case centers on the IJ's consideration of the evidence petitioner submitted in support of a finding of extreme hardship

6

to her qualifying relatives.[2]  More particularly, Cospito argues that the IJ gave "short shrift to crucial evidence," see Pet's Brief at 33, "ignored crucial and uncontradicted evidence," id. at 34, "failed to consider the emotional impact" on Mr. Cospito of the loss of his two young children who would return to Jamaica with petitioner, id., and that the IJ "simply looked at individual factors" rather than provide an evaluation of the factors in the aggregate.  Id. at 36.  We agree with the government that these contentions do not raise constitutional claims or questions of law.  Cospito's arguments amount to nothing more than "quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency."  Emokah v. Mukasey, 523 F.3d 110, 119 (2d Cir. 2008), quoting Camara, 497 F.3d at 124.  See also Arias v. Attorney General, 482 F.3d 1281, 1284 (11th Cir. 2007) (claim that BIA and IJ erred in failing to consider and weigh all the factors presented by petitioner in support of the waiver is simply a challenge to the BIA's and IJ's exercise of discretion which Court of Appeals lacks jurisdiction to review).  Accordingly, we will dismiss that portion of Cospito's petition for review challenging the agency's discretionary waiver determination.

The remainder of the petition for review will be denied.  "Application of collateral estoppel is a question of law, Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n, 342 F.3d 242, 252 (3d Cir. 2003), and we exercise plenary review of the BIA's legal determinations, subject to established principles of

---

[2]  We do not consider petitioner's challenge that the agency misinterpreted the time frame under which a *nunc pro tunc* waiver request based on extreme hardship should be evaluated as no such argument was presented to the IJ or BIA.  See 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies mandatory and jurisdictional); see also Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) ("To exhaust a claim before the agency, an applicant must first raise the issue before the BIA or IJ, so as to give it the opportunity to resolve a controversy or correct its own errors before judicial intervention." (internal quotations and citation omitted)).

deference." Szehinskyj v. Atty. Gen., 432 F.3d 253, 255 (3d Cir. 2005). In full agreement with the BIA, we hold that the DHS was not collaterally estopped from raising issues concerning Cospito's adjustment of status, removability or any waiver of inadmissibility.

It is well established that in order for collateral estoppel to apply, the following requirements must be met: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Id., quoting Henglein v. Colt Indus. Operating Corp., 260 F.3d 210, 209 (3d Cir. 2001). To be certain, "[t]he doctrine of collateral estoppel has long been understood to apply in all proceedings that may be deemed 'adjudicative'" in nature. Duvall, 436 F.3d at 390, citing United States v. Utah Constr. & Mining Co., 384 U.S. 394, 421-22 & n. 20 (1966). In the instant case, for the ample and cogent reasons provided by the BIA, we can find no error with the BIA's conclusion that Cospito's interview with an agency official regarding her adjustment of status application was not an "adjudicative" proceeding. Cospito has failed to identify a single case where such an adjustment interview or similar examination was considered sufficiently adjudicative in nature for purposes of applying the collateral estoppel doctrine, and our own research has not uncovered any. To the contrary, the Fifth Circuit Court of Appeals has specifically concluded that, because "applications for adjustment of status are not normally adversarial in nature, and do not involve an IJ," the petitioner's "adjustment of status was not adjudicatory in nature, and thus is not entitled to res judicata effect." Andrade v. Gonzales, 459 F.3d 538, 545 (5th Cir. 2006), citing Medina v. INS, 993 F.2d 499, 503 (5th Cir. 1993). We agree with the conclusion of our sister circuit. There is nothing in the record before us which establishes that Cospito's adjustment of status interview was conducted in any unusual manner, and nothing that would render that interview "inherently judicial in nature." Furthermore, as we stated in Duvall, collateral estoppel "will not preclude relitigation of the issue when there is a substantial difference in the procedures

8

employed by the prior and current tribunals...." Duvall, 436 F.3d at 391. There can be little doubt that there exists a substantial difference between the procedures employed by the agency official during the adjustment of status in this case and those governing a adversarial proceeding conducted by an IJ.

Moving beyond the non-adjudicative nature of the adjustment of status, Cospito's collateral estoppel challenge faces additional insurmountable hurdles which require little in the way of elaboration. As the BIA determined, the issue of waiver was never raised, litigated or adjudicated during Cospito's adjustment proceeding – a necessary precondition for application of the doctrine of collateral estoppel, see Szehinskyj, 432 F.3d at 255 – given what the IJ found to be fraudulent actions on the part of Cospito. Finally, we can find no fault with the BIA's conclusion that Cospito's fraudulent actions during the adjustment of status process prevented the "full and fair litigation" of the very issues she now seeks to collaterally estop the DHS from litigating. See, e.g., Pereira-Barbeira v. INS, 523 F.2d 503, 507 n. 3 (2d Cir. 1975) ("The fraud on the basis of which [a petitioner] was granted ... adjustment of status necessarily vitiated any res judicata effect of those proceedings in the current deportation proceedings.").

**III.**

Accordingly, given the foregoing reasons, the petition for review is (1) denied as to Cospito's challenge to the BIA's determination that the DHS was not collaterally estopped from raising issues concerning her adjustment of status, removability or any waiver of inadmissibility, and (2) dismissed as to Cospito's challenge to the agency's discretionary denial of her waiver requests.[3]

---

[3] Given our disposition, we need not reach the issue of the "fugitive disentitlement" doctrine raised by the respondent.