**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1553
_____

JULIO ALBERTO GARCIA VASQUEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-638-752)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed March 3, 2011)
_____

OPINION
_____

PER CURIAM

Before us is a petition for review of an order of the Board of Immigration Appeals

("BIA") affirming the denial of Petitioner's application for cancellation of removal.  We

conclude that we lack jurisdiction to consider Petitioner's challenge to the agency's

discretionary determination regarding his claim of hardship.

## I.

Julio Alberto Garcia Vasquez, a native and citizen of Guatemala, entered the United States without inspection in 1994. Vasquez conceded removability in a hearing before an Immigration Judge ("IJ") in 2008, but sought cancellation of removal based on hardship to his young son. He testified that he supported the boy and the boy's mother, who are both United States citizens. Administrative Record ("AR") at 142-43. He also testified that the child's mother worked full-time, his son was in good health, the boy's maternal grandmother helped care for him, and his son would remain with his mother in the United States if Vasquez were removed to Guatemala. AR at 146-51. The IJ denied the request for cancellation of removal, concluding that Vasquez had not met "anything remotely resembling the standard of exceptional and extremely unusual hardship." AR at 92. Although he acknowledged the emotional hardship of leaving a son behind, the IJ noted that that was not enough to meet the standard. AR at 93. The BIA affirmed this decision, and Vasquez filed a timely petition for review. On appeal, Vasquez challenges the IJ's hardship determination.

## II.

An alien who is removable from the United States is eligible for cancellation of removal if he can show, among other things, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C.

2

§ 1229b(b)(1)(D). In this case, the IJ determined that Vasquez failed to establish "exceptional and extremely unusual hardship" to his young son. We do not have jurisdiction to review certain discretionary decisions under the Immigration and Nationality Act. See 8 U.S.C. § 1252(a)(2)(B)(i). This includes the decision whether an alien meets the hardship requirement in § 1229b. See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). We may, however, review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Vasquez contends that his appeal is based on questions of law. We disagree.

Vasquez claims that the IJ's decision deprives his son "of his due process and constitutional rights to receive medical and special services because of his hearing problems." Pet. Br. at 4. But he presents no argument or legal authority in support of this claim. The assertion of a due process violation, standing alone, is insubstantial and does not amount to a colorable constitutional claim. See Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (explaining that jurisdiction under § 1252(a)(2)(D) is limited to "colorable" claims, and that a claim is not colorable if it is "wholly insubstantial and frivolous"). As we have stated, "a party may not dress up a claim with legal clothing to invoke this Court's jurisdiction." Id. at 187. Furthermore, there is no basis in the record for this claim. Although his brief states that Vasquez based his cancellation of removal application on his son Michael's hearing problems and provided supporting documentation, Pet. Br. at 2, there is no documentation for the claim in the record and no testimony regarding hearing problems. On the contrary, Vasquez testified that his son –

named Jeffrey, not Michael – was in good health. Therefore, the claim appears to be wholly insubstantial and frivolous, and we lack jurisdiction to review it.

Vasquez also claims that the IJ failed to follow BIA precedent when conducting the hardship evaluation because he failed to consider the hardship factors in the aggregate. Pet. Br. at 4-6. He further argues that the IJ engaged in mere speculation when he concluded that the loss of economic support from Vasquez would be offset by the mother's return to the workforce after she completed her education. Id. at 6. Although Vasquez asserts that the IJ misapplied a legal standard, his claim actually challenges the weight the IJ accorded the economic hardship factor. We have previously held that claims like these, i.e., claims that an IJ ignored factors or failed to evaluate them in the aggregate, do not raise questions of law and "amount to nothing more than 'quarrels over the exercise of discretion.'" See Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (citation omitted). Because Vasquez' claim involves only the IJ's discretionary decision regarding hardship, we do not have jurisdiction to review it.

Finally, we note that Vasquez did not raise on appeal to the BIA his due process claim or his claim that the IJ failed to consider the hardship factors in the aggregate. This failure to exhaust administrative remedies is yet another basis for finding that we lack jurisdiction to review Vasquez' petition. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

Accordingly, we will dismiss Vasquez' petition for review.

4