**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4757
_____

ALEXANDER ALLI,

*Petitioner*

v.

ATTORNEY GENERAL OF THE UNITED STATESOF AMERICA,

*Respondent*
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
BIA No. A074 983 378
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2014

Before: FUENTES, GREENBERG, and COWEN, *Circuit Judges*.

(Filed: February 26, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*:

Alexander Alli ("Alli") challenges the order of the Board of Immigration Appeals ("the Board") denying his application for a section 212(h) waiver under the Immigration and Nationality Act and ordering him removed from the United States to Ghana.

## I.

Alli is a native of Ghana who entered the United States in 1990 and became a lawful permanent resident in 1996. His wife and three minor children are United States citizens. In 2006, Alli was convicted for conspiracy to commit wire fraud, fraud in connection with identification documents, and possession of access devices in violation of 18 U.S.C. § 371. In addition, he was convicted of fraud in connection with identification documents and possession of access devices in violation of 18 U.S.C. §§ 1028 and 1029. Alli was sentenced to 24 months' imprisonment.

In 2008, the Department of Homeland Security ("DHS") commenced removal proceedings against Alli. DHS issued a Notice to Appear, charging him with removability pursuant to the Immigration and Nationality Act § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who had been convicted of an aggravated felony. Before an immigration judge, Alli challenged the claim that he was removable as an alien convicted of an aggravated felony. Likewise, Alli argued that even if he was removable, he was eligible for a waiver under the Immigration and Nationality Act § 212(h). The Immigration Judge issued an interlocutory ruling holding that while Alli's conviction constituted an aggravated felony, he nevertheless remained eligible for a section 212(h) waiver because he was not admitted to the United States as a legal permanent resident

1

and thus was not subject to the aggravated felony bar. The Immigration Judge granted

Alli's request for a section 212(h) waiver and granted his application for adjustment of

status.

Both DHS and Alli appealed the Immigration Judge's decision to the Board. DHS

appealed the grant of a section 212(h) waiver and adjustment of status. Alli appealed the

finding that his crimes constituted aggravated felonies. The Board agreed that Alli's

convictions constituted aggravated felonies but concluded that he was ineligible for

section 212(h) wavier.[1]

Alli petitioned for review of the Board's decision with this Court in 2011. The

Government filed an unopposed motion to remand the case back to the Board so that it

could consider its decision in light of this Court's intervening decision in *Hanif v.

Attorney Gen.*, 694 F.3d 479 (3d Cir. 2012). We granted the motion. In November 2013,

the Board once again dismissed Alli's appeal and sustained the appeal of DHS.

The Board held that Alli's convictions constituted aggravated felonies. Further,

the Board held that while Alli was not prevented from applying for a waiver of

inadmissibility, it would not grant the waiver. In making its discretionary determination,

the Board weighed the negative equities of Alli's criminal convictions against the

positive equities of his family and his history of being a "hard worker and successful

businessman," "a loving and caring father," and someone who "enjoy[ed] a good

---

[1] The Board based its decision on *Matter of Koljenovic*, 25 I. & N. Dec. 219 (BIA 2010), a case that was issued after the Immigration Judge's decision. The Board held that Alli was ineligible for waiver as his adjustment of status constituted an "admission" subjecting him to the time and aggravated felony bars in section 212(h).

reputation in the community." **[App. at 5.]** The Board then concluded that the "serious nature of [Alli's] participation in such a large-scale fraud and identity theft scheme" was a "very significant negative factor and militates strongly against a favorable exercise of discretion." **[App. at 5.]** While the Board acknowledged the hardship Alli's removal might cause to himself and his relatives, it did not engage in a fulsome discussion regarding whether Alli had demonstrated an extreme hardship for purposes of section 212(h) waiver. Alli filed a petition for review, arguing the Board applied the wrong standard of review. The Government contends we lack jurisdiction to hear Alli's petition because Alli is simply challenging the Board's discretionary weighing of factors. We agree with the Government.

## II.

The Board had jurisdiction to review the Immigration Judge's decision under C.F.R. § 1003.1(b)(3). *Hanif*, 694 F.3d at 482-483. Moreover, "in general, 'courts of appeals . . . have no jurisdiction to review [the Board's] discretionary and factual determinations presented in petitions for review.'" *Id.* (quoting *Jarbough v. Attorney Gen.*, 483 F.3d 184, 188 (3d Cir. 2007)). The Court retains limited jurisdiction to entertain valid constitutional claims and questions of law. *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Hanif*, 694 F.3d at 483; *Toussaint v. Attorney Gen.*, 455 F.3d 409 (3d Cir. 2006); *Kamara v. Attorney Gen.*, 420 F.3d 202 (3d Cir. 2005). [2]

---

[2] Where, as in this case, "the [Board] issues its own decision on the merits, rather than a summary affirmance, we review its decision, not that of the [Immigration Judge]." *Hanif*, 694 F.3d at 483 (citation omitted).

Moreover, "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under this title to be in the discretion of the Attorney General. . . ." INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006) ("[W]e join our sister courts in concluding that despite the changes of the REAL ID Act, factual or discretionary determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review."); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003) ("We join the other circuits and conclude that, for nondiscretionary factors, the Court maintains jurisdiction, but as to discretionary decisions we lack jurisdiction.").

## III.

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act provides that: "[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of (I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime . . . is inadmissible." INA § 212(h), 8 U.S.C. § 1182(h). Section 212(h) states that the Attorney General may waive application of section 212(a)(2)(A)(i)(I) of the Act if the applicant proves that denial of such a waiver would cause "extreme hardship" to a qualifying relative of the applicant and where the applicant otherwise demonstrates that he merits such relief in discretion. *Matter of Mendez*, 21 I. & N. Dec. 296, 301 (BIA 1996).

In this case, the Board began its analysis by balancing "the adverse factors evidencing [Alli's] undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of relied appears in the best interests of the United States." **[App. at 4.]** Finding that "serious negative factors militate against a favorable exercise in this instance," specifically the nature and breadth of Alli's criminal acts, the Board found his case did not merit a favorable exercise of discretion. As such, the Board "express[ed] no opinion as to whether [Alli] has demonstrated extreme hardship to his qualifying relatives." **[App. at 4.]**

Alli argues that the Board violated its regulations by applying the wrong standard of review under *Huang v. Attorney General*, 620 F.3d 372 (3d Cir. 2010). Specifically, Alli contends the Board failed to consider Appellant's equities and only considered his criminal conduct. Further, Alli argues the Board failed to consider whether the denial of the discretionary waiver would cause extreme and unusual hardship to his family. The Government asserts that we lack jurisdiction to entertain Alli's appeal because he challenges the Board's discretionary findings.

Alli relies on *Huang* for the proposition that that the Board must meaningfully consider the record and provide a sufficient explanation when it disagrees with an immigration judge's decision. In *Huang,* we held that "when [the Board] reaches a different conclusion than the [Immigration Judge] . . . its review must reflect a meaningful consideration of the record as a whole" and the Board must "show that it reviewed the record and considered the evidence upon which the [Immigration Judge]

5

relied, and it must explain why the record warrants a different conclusion than the one reached by the [Immigration Judge]." 620 F.3d at 387.

Alli's reliance on *Huang* to salvage his claim is misplaced for two reasons. First, in that case, appellant challenged the Board's denial of asylum. Here, however, our review of petitions filed by aliens who have been convicted of aggravated felonies is limited to constitutional questions and questions of law. Alli attempts to repackage his challenge to the Board's discretionary weighing of factors as a question of law, but he does so in vain. *See Cospito v. Attorney Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) ("A party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review."). Second, in this case, the Board did provide its rationale for denying discretionary waiver. The Board noted the inevitable hardship of Alli's removal, but found the negative equities of Alli's crime outweighed any positive equities. *Huang*, therefore, does not save Alli's challenge to the Board's discretionary decision on waiver.

Alli's argument squarely challenges the Board's discretionary weighing of factors. Courts "have recognized arguments such as that an [Immigration Judge] or [the Board] incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." *Jarbough*, 483 F.3d at 170; *see also Cospito*, 539 F.3d at 170; *Sukwanputra*, 434 F.3d at 634. By contending that the Board failed to consider the equities and instead focused on his criminal conduct, Alli clearly challenges the Board's discretionary weighing of factors. Contrary to Alli's contentions, the Board did discuss both the negative factors and the positive equities in

6

making its decision. Ultimately, it found that the negative factors weighed against granting a discretionary waiver. ("In balancing the various factors in the respondent's case, we take note of his equities. However, the serious nature of the respondent's participation in such a large-scale fraud and identity theft scheme is a very significant negative factor and militates strongly against a favorable exercise of discretion."). Alli fails to make out any cognizable constitutional claim or a question of law. As such, we lack jurisdiction to consider his claim.

## IV. Conclusion

For the foregoing reasons, we lack jurisdiction to consider Alli's claim and we therefore dismiss his petition for review.