**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1517
_____

SUTHAKARAN PAKKIYARASA,
a/k/a Suthakaran Parkiyarasa,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A208-890-577)
Immigration Judge:  Honorable John P. Ellington
_____

Submitted on the Government's Motion for Summary Action Pursuant
to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 3, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: September 1, 2017 )
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Suthakaran Pakkiyarasa, proceeding pro se, petitions for review from a decision by the Board of Immigration Appeals (BIA) dismissing his appeal. The Government has moved for summary action, arguing that no substantial question is presented on appeal.[1] We will grant the Government's motion and will summarily deny the petition for review.

Pakkiyarasa, a citizen of Sri Lanka, arrived at the Hidalgo, Texas, border station seeking asylum on February 24, 2016. He did not have a valid visa, reentry permit, border crossing identification card, or other valid entry document, and was detained. Pakkiyarasa was interviewed by an asylum officer and indicated that he feared that he would be killed if he returned to Sri Lanka because of his status as an ethnic Tamil. The asylum officer referred Pakkiyarasa's case to an immigration judge. On March 23, 2016, Pakkiyarasa received a notice to appear charging him as removable under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. Pakkiyarasa filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). On August 31, 2016, the Immigration Judge (IJ) denied Pakkiyarasa's application for relief.[2]

Pakkiyarasa's claims for relief rested on two episodes of violence: one in 1999 and one in 2015. At the merits hearing, he testified that he was beaten for a week in 1999

---

[1] The Government seeks summary affirmance. We note that Pakkiyarasa's case is before us on a petition for review, see 8 U.S.C. § 1252, which we either grant or deny. We will construe the Government's motion as a request that we summarily deny the petition.

[2] Pakkiyarasa conceded that he was removable during an earlier hearing before the IJ. R. at 85.

2

after being detained while riding on a public bus. He further testified that he was abducted and tortured in 2015 by the Karuna Group, a paramilitary organization associated with the Sri Lankan government. In the latter instance, which was more serious, he claimed that he was held for fifteen days, subjected to genital and anal torture and forced to inhale gasoline fumes. He said that he was ultimately released after his father paid the captors. He asserted that the mistreatment in both incidents was based on his status as an ethnic Tamil. He presented various reports about Sri Lanka in support of his assertion.

In rejecting Pakkiyarasa's application for relief, the IJ made a series of alternative findings. First, the IJ determined that he "cannot make a positive credibility finding because of the lack of corroboration in this particular case." IJ Decision at 10. The IJ further stated that he had doubts about Pakkiyarasa's credibility because of testimony and evidence about his travel plans and identification documents. Id. The IJ then focused more specifically on corroboration, noting Pakkiyarasa's failure to provide any testimony from his brother, who is purportedly a refugee in Toronto, or any medical records to substantiate Pakkiyarasa's testimony about being brutally assaulted. Id. at 10-11. The IJ also rejected the claim that Pakkiyarasa would be persecuted based on his Tamil ethnicity. Id. at 11. The IJ found that the conditions for Tamils in Sri Lanka had improved since 1999, making Pakkiyarasa ineligible for asylum, withholding, or CAT relief based on his ethnicity. Id. In addition, the IJ determined that Pakkiyarasa's 2015 assault was not based on a protected ground and, instead, "could be deemed a criminal

3

act by thugs as much as any sort of action by any alleged paramilitary group." Id. The IJ

continued, "Simply put the record does not provide enough information to the Court to

make any finding that this Karuna Group is still active or is a paramilitary group in

2015." Id. at 11-12. Finally, the IJ denied Pakkiyarasa's CAT claim, holding, in part,

that Pakkiyarasa had not proven that the Sri Lankan government would commit or

acquiesce to torture. Id. at 12.

Pakkiyarasa appealed. Before the BIA, he argued that the IJ did not adequately

review the reports about the treatment of ethnic Tamils in Sri Lanka, R. at 19-31, and that

he appropriately explained his lack of corroboration, R. at 35-36. The BIA adopted the

IJ's decision, largely reiterating the IJ's alternative grounds.

Pakkiyarasa petitions for review.[3] In his informal brief, he asserts, among other

things, that the documentary evidence demonstrates that he would face future persecution

as a Tamil. He also maintains that the Agency erred in considering his CAT claim. The

Government has moved for summary action, asserting that Pakkiyarasa has not

challenged the Agency's dispositive findings related to Pakkiyarasa's lack of credibility,

absence of corroboration, and failure to establish his identity and nationality.

This Court has jurisdiction to review final orders of the BIA pursuant to 8 U.S.C.

§ 1252. Where, as here, the BIA adopts the findings of the IJ and discusses some of the

bases for the IJ's opinion, this Court will review both opinions. See Guzman v. Att'y

---

[3] Pakkiyarasa also seeks a stay of removal and the appointment of counsel.

Gen. U.S., 770 F.3d 1077, 1082 (3d Cir. 2014). The Court reviews the Agency's decision for substantial evidence, considering whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. I.N.S., 143 F.3d 157, 161 (3d Cir. 1998) (citation and internal quotation marks omitted). Legal questions are reviewed de novo, subject to established principles of deference. See Cospito v. Att'y Gen., 539 F.3d 166, 171 (3d Cir. 2008).

As noted above, the Government seeks summary action based on Pakkiyarasa's alleged failure to contest the Agency's findings about Pakkiyarasa's lack of credibility, absence of corroboration, and failure to establish his identity and nationality. Although Pakkiyarasa does not address the Agency's findings with precision, his expansive pro se brief raises at least basic challenges to the Agency's entire decision, as well as more specific challenges to its determinations about credibility and corroboration. Therefore, we have reservations about granting summary action based on the grounds presented by the Government.

Nevertheless, we ultimately agree with the Government that summary action is appropriate because no substantial issue is presented by Pakkiyarasa's petition for review. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. To qualify for asylum or withholding of removal, "the alien must establish that persecution he/she fears is 'on account of' one of the enumerated classifications or activities incorporated into the definition of 'refugee.'" Zubeda v. Ashcroft, 333 F.3d 463, 470 (3d Cir. 2003). Pakkiyarasa's claim rested on his past persecution and fear of persecution based on his membership in a social group,

5

specifically as an ethnic Tamil.[4]  Thus, he was required to establish that his membership in this group "was or will be at least one central reason for persecuting [him]."  8 U.S.C. § 1158(b)(1)(B)(i); see also Gonzalez-Posadas v. Att'y Gen., 781 F.3d 677, 685 n.6 (3d Cir. 2015).  The BIA concluded that he had failed to show the requisite nexus; the Court will review that decision "under the substantial evidence standard, affirming [it] unless the record evidence would compel any reasonable factfinder to conclude to the contrary." Ndayshimiye v. Att'y Gen., 557 F.3d 124, 128 (3d Cir. 2009).

In considering Pakkiyarasa's case on the merits, we determine that substantial evidence supports the Agency's ruling.  Pakkiyarasa has not demonstrated that ethnicity was "one central reason" for the mistreatment he suffered.  While the 2015 event that Pakkiyarasa described involving the Karuna Group is deeply troublesome, there is insufficient evidence that Pakkiyarasa faces persecution based on his Tamil ethnicity or another protected ground.  Pakkiyarasa apparently lived in the country for sixteen years without incident between the two episodes that he detailed.  As the Agency determined, his abduction may have been the result of criminal activity unrelated to his ethnicity.  In

---

[4] In his asylum application, he checked multiple grounds, but all these grounds appear related to his Tamil identity.  In addition, his attorney made reference before the IJ and the BIA to Pakkiyarasa's fear of persecution based on his status as a failed asylum seeker, but the argument was not fully developed.  See, e.g., R. at 31-32.  Thus, it does not provide a basis for relief to the extent that Pakkiyarasa now relies on it.  See Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005); see also Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).

any event, the record does not adequately establish that Pakkiyarasa was singled out because of his ethnicity.

Before the Agency, Pakkiyarasa also raised a CAT claim. To receive protection under the CAT, Pakkiyarasa bore the burden to prove that "it is more likely than not that he [] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Torture is "an extreme form of cruel and inhuman treatment." 8 C.F.R. § 1208.18(a)(2); see also Auguste v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005). The BIA's conclusion about what would likely happen to Pakkiyarasa is factual, see Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017), and reviewed for substantial evidence, see generally Valdiviezo-Galdamez v. Att'y Gen., 502 F.3d 285, 290 (3d Cir. 2007). Although Pakkiyarasa may have been subjected to torture, the role played by the Sri Lankan government rests almost solely on Pakkiyarasa's testimony since the operation of the Karuna Group is not well developed in this record. Thus, in light of the available evidence, the BIA did not err in concluding that Pakkiyarasa had not made out a viable CAT claim.

For the above reasons, and because no substantial question is presented in this appeal, we grant the Government's motion for summary action and will deny the petition for review. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Pakkiyarrasa's motion for a stay of removal and motion for appointment of counsel are denied.[5]

---

[5] The temporary stay of removal issued by the Clerk on March 8, 2017, is vacated.