**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-2780 & 20-1492
_____

BHARATKUMAR GIRISHKUMAR THAKKER,
AKA Barry Thakker, AKA Bharathum Thakker, AKA Bharatkum G. Thakker,
AKA Bharatkumar G. Thakker,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A030-811-876)
Immigration Judge: Kuyomars Q Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 25, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Bharatkumar Thakker petitions for review of two decisions by the Board of Immigration Appeals (BIA). For the reasons below, we will dismiss one petition for lack of jurisdiction but will grant the other petition.

Thakker, a citizen of India, was admitted to the United States as a lawful permanent resident in 1973. He was subsequently charged as removable for retail theft convictions but an Immigration Judge (IJ) granted him cancellation of removal in 2009. After additional theft convictions and another charge of removability, an IJ granted him readjustment of status in 2012.

After another conviction for retail theft, Thakker was again charged as removable in 2017 for having been convicted of two crimes involving moral turpitude (CIMT). Represented by counsel, he contested removability and applied for a waiver of inadmissibility. An IJ found him removable and denied relief, and the BIA dismissed his appeal. Thakker filed a timely pro se petition for review which was docketed at No. 19-2780.

In September 2019, Thakker filed a pro se motion in the BIA to reopen the proceedings, alleging that counsel had been ineffective for failing to challenge whether his crimes involved moral turpitude. The BIA, by a single member of the Board, denied the motion to reopen. Thakker filed a petition for review which was docketed at No. 20-1492.

No. 19-2780

In this petition for review, Thakker challenges only the denial of his application for a waiver of inadmissibility. He argues in his brief that the IJ abused his discretion in determining that Thakker had not shown that his removal would result in extreme hardship to a qualifying relative. However, while the IJ found that Thakker had not established extreme hardship, he also determined that, even if he had, Thakker did not merit a waiver in the exercise of discretion. On appeal, the BIA assumed that Thakker had established extreme hardship but agreed that he was not entitled to the waiver as a matter of discretion. Thus, the waiver of inadmissibility was denied as a matter of discretion.

We do not have jurisdiction to review the discretionary decisions of the Attorney General regarding such waivers. 8 U.S.C. §§ 1182(h) &1252(a)(2)(B)(i); Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) ("[O]ur jurisdiction does not extend to an agency's factual and discretionary determinations underlying the denial of waivers based on an analysis involving extreme hardship."). While we retain jurisdiction over questions of law and constitutional issues, see 8 U.S.C. § 1252(a)(2)(D), Thakker has not raised any colorable questions of law or constitutional issues as to the denial of the waiver of inadmissibility. He does argue that the IJ misapplied In re Mendez-Moralez, 21 I. & N. Dec. 296 (BIA 1996), by failing to consider the lack of seriousness of his crimes. However, citing Mendez-Moralez, the IJ noted that adverse factors to be considered in

3

weighing his discretion included the nature, recency, and seriousness of Thakker's criminal record. The IJ expressed concern with Thakker's recidivism, noting that he had two more convictions since he was last granted adjustment of status. The IJ's failure to find that Thakker's criminal convictions were not serious does not create a colorable legal issue. See Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction.").

As we lack jurisdiction over the discretionary decision to deny a waiver of inadmissibility, we will dismiss the petition for review at No. 19-2780.

### No. 20-1492

We do have jurisdiction in No. 20-1492 to review the BIA's denial of Thakker's motion to reopen based on ineffective assistance of counsel. Calderon-Rosas v. Att'y Gen., 957 F.3d 378, 386 (3d Cir. 2020). We review the denial of a motion to reopen for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

#### In re Lozada

In denying the motion to reopen, the BIA first concluded that Thakker had not sufficiently complied with the procedural requirements for bringing a claim of ineffectiveness of counsel set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988).

4

Under Lozada, an alien must (1) provide an affidavit with the relevant facts; (2) inform prior counsel of the allegations and provide him an opportunity to respond; and (3) state whether a disciplinary complaint has been filed or explain why no complaint was filed. Id. at 639.

With his motion to reopen, Thakker submitted (1) an affidavit detailing his allegations of ineffectiveness; (2) a letter to counsel informing him of the allegations; and (3) a complaint to the disciplinary board of the Supreme Court of Pennsylvania. The Government responded to the motion to reopen with a standard form but did not oppose the motion on the ground that it did not comply with the Lozada requirements. A.R. at 8-9.

Because the copies of the letter to counsel and complaint against the attorney in the record appeared to be originals, the BIA speculated that the documents had not been mailed. It also noted that Thakker had not provided proof of mailing or receipt of the documents. Thus, it concluded, Thakker had not shown that he had notified his former counsel of his allegations or filed a bar complaint. In his brief, Thakker explains that he was in detention when he filed the motion to reopen, and it was easier to print multiple copies of the documents and sign and mail them right away instead of putting in a request for copies of the signed originals and waiting several days for copies to be made.

We disagree with the BIA's unprompted reliance on In re Lozada as a basis for rejecting Thakker's motion to reopen. In Lozada, the BIA did not require proof of

mailing or receipt of the letter to counsel or disciplinary complaint. Rather, the BIA held that "former counsel must be informed of the allegations [of ineffectiveness] and allowed the opportunity to respond." Lozada, 19 I. & N. Dec. at 639. Nothing in Lozada requires that the notice to counsel even be in written form. See Rranci v. Att'y Gen., 540 F.3d 165, 172 (3d Cir. 2008) (affidavit describing conversation between former and current counsel satisfied second prong of Lozada). As for the disciplinary complaint, the BIA stated in Lozada that "the motion [to reopen] should reflect whether a complaint has been filed." Lozada, 19 I. & N. Dec. at 639. It does not require that a copy of the disciplinary complaint be provided or that proof of mailing or receipt be included, just that the motion to reopen indicate whether a complaint has been filed. The BIA here also noted that the record did not contain a response from Thakker's prior counsel. However, Thakker had no control over whether prior counsel responded to his allegations of ineffectiveness.

In support of the BIA's conclusion that Thakker failed to satisfy Lozada, the Government cites to Colino v. Attorney General, 779 F. App'x 989, 992 (3d Cir. 2019), a nonprecedential opinion in which the alien provided *no* evidence that he complied with the Lozada requirements. Appellee Br. at 10. The alien in Colino did not even argue that he had complied with the Lozada requirements. See Pro se Brief for Petitioner, Colino v. Att'y Gen., No. 19-1446. The Government has pointed to no cases where a Court of Appeals upheld the BIA's rejection of an ineffectiveness claim based on its speculation that the required documents were not mailed.

Moreover, it would make little sense for Thakker to go to all the trouble to draft those documents and then fail to mail them. The BIA does not explain how Thakker would benefit from not mailing the documents, especially when, as described below, his claim of ineffectiveness of counsel has merit. For the above reasons, we conclude that the BIA abused its discretion in denying Thakker's motion to reopen on the ground that he did not comply with the requirements of In re Lozada. Its decision based on speculation was arbitrary and contrary to the law. Sevoian, 290 F.3d at 174. Indeed, the BIA's application here of such a "strict, formulaic interpretation of Lozada" is precisely what we have warned against. Rranci, 540 F.3d at 173. Thus, we will consider the BIA's other basis for denying the motion to reopen.

Whether counsel was ineffective

An alien's right to due process can be violated if counsel's ineffective assistance prevents him from reasonably presenting his case. Id. at 175. We must consider whether competent counsel would have behaved differently and whether Thakker was prejudiced by counsel's mistakes. Id. We exercise de novo review over the BIA's decision on the ineffective assistance of counsel claim. Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007).

To determine whether competent counsel would have behaved differently here, we look at the law on CIMTs, specifically theft convictions, at the time of Thakker's removal proceedings. As noted earlier, Thakker was charged as removable for having been

convicted of two crimes involving moral turpitude, i.e., his convictions for retail theft in violation of 18 Pa. Cons. Stat. Ann. § 3929(a)(1). Citing In re Diaz-Lizarraga, 26 I. & N. Dec. 847, 849 (BIA 2016), discussed below, he contended in his motion to reopen that his counsel was ineffective for failing to argue that his convictions did not involve moral turpitude. In denying the motion to reopen, the BIA stated without elaboration that it had already held in In re Jurado, 24 I. & N. Dec. 29, 33-34 (BIA 2006), that retail theft in violation of § 3929(a)(1) is a CIMT and that Diaz-Lizarraga did not overrule Jurado.

However, as we explain below, Jurado's continuing validity was seriously questioned by the BIA in Diaz-Lizarraga. In Diaz-Lizarraga, the BIA held that theft is a CIMT if, in relevant part, it involves an intent to deprive the property of another either permanently or in a way that the owner's property rights are "substantially eroded." 26 I. & N. Dec. at 853. The BIA noted that it had previously required a theft offense to be committed with the intent to permanently deprive the owner of property in order to be considered a CIMT. Id. at 849 ("From the Board's earliest days we have held that a theft offense categorically involves moral turpitude if--and only if--it is committed with the intent to permanently deprive an owner of property."). Citing Jurado, the BIA observed that it had presumed that retail theft involved an intent to permanently deprive the owner of property. Id. at 850.

The BIA noted that nineteen states, including New Jersey[1] and Pennsylvania, had

_____

[1] Thakker also has a shoplifting conviction in violation of New Jersey law.

8

adopted the definition of "deprive" found in the Model Penal Code. Id. at 851 n.4. That definition includes withholding property for an extended period of time to appropriate its value, i.e., not a permanent taking. Id. at 851. Stating that it was now "updating" its existing jurisprudence, the BIA held that a theft involving less than a permanent deprivation of property could qualify as a CIMT. Id. at 852-53.

The BIA in Diaz-Lizarraga addressed In re Jurado in a footnote. While it believed that it reached the right conclusion in Jurado as to the statute at issue, § 3929(a)(1), it also recognized that the Jurado assumption—that retail theft involved an intent to permanently deprive the owner of her property—could be called into doubt under the categorical approach set forth in Mathis v. United States, 136 S. Ct. 2243 (2016). See Diaz-Lizarraga, 26 I. & N. Dec. at 854 n.11. Thus, while the BIA did not explicitly overrule Jurado, it seriously questioned its holding.

Diaz-Lizarraga was decided by the BIA in November 2016. In August 2018, the IJ sustained the charge of removability against Thakker based on a 2014 conviction, and the IJ ordered him removed in February 2019.[2] Thakker argued in his motion to reopen that when counsel was representing him in 2018, he should have challenged whether his theft convictions qualified as CIMTs after Diaz-Lizarraga.

---

[2] We have held that the BIA erred in retroactively applying Diaz-Lizarraga's expanded definition of theft CIMTs. Francisco-Lopez v. Attorney General, 959 F.3d 108, 111 (3d Cir. 2020).

9

Here, the BIA simply declared that Jurado had not been overruled; it did not acknowledge or wrestle with the issue raised in the footnote in Diaz-Lizarraga and argued by Thakker in his motion to reopen: whether the assumption in Jurado—that retail theft involves an intent to permanently deprive—survives the categorical approach of Mathis.

The Government argues that at the time of Thakker's hearing, both the BIA and this Court had held that a conviction under § 3929(a)(1) was a CIMT.[3] However, the Government ignores that Diaz-Lizarraga was issued before Thakker's removal proceedings. While it mentions in a footnote the BIA's concerns in Diaz-Lizarraga of the validity of Jurado, the Government does not analyze this issue in a meaningful way.[4]

For the reasons discussed above, Thakker's prior counsel should have argued that

---

[3] We denied Jurado's petition for review in a nonprecedential opinion, rejecting his argument that his theft conviction was not a CIMT because the statute did not require a permanent deprivation. Jurado-Delgado v. Att'y Gen., 498 F. App'x 107, 112 (3d Cir. 2009). That disposition was issued without the benefit of the Supreme Court's instructions in Mathis v. United States, 136 S. Ct. 2243 (2016), and long before the BIA questioned its approach in Jurado in Diaz-Lizarraga. Moreover, we are not bound by our decision in Jurado-Delagado because it is not an opinion of the full Court and does not constitute binding precedent. 3d Cir. I.O.P. 5.7 (2018).

[4] The Government suggests that counsel's decision not to challenge Thakker's removability was "tactical," i.e., that counsel declined to challenge removability in the hopes of obtaining a favorable decision from the IJ on the discretionary relief. However, such an argument presumes that the IJ would view challenging one's removability as a negative factor. Arguably, it would be ineffective for counsel to not challenge removability on the chance that it would help Thakker receive discretionary relief for the third time. If Thakker's challenge to his removability had been successful, he would not have needed discretionary relief. To his credit, counsel challenged removability on other grounds, but his failure to argue that the convictions were not CIMTs under Diaz-Lizarraga was not merely "tactical."

10

the theft convictions were not crimes involving moral turpitude. Competent counsel would have challenged Thakker's removability on these grounds that Thakker, a pro se litigant, raises now.

Not only was counsel's performance deficient, that deficient performance prejudiced Thakker. To show prejudice, Thakker need only show a reasonable likelihood that the result would have been different without counsel's error, i.e., a probability sufficient to undermine confidence in the outcome. This is not a stringent standard. Rranci, 540 F.3d at 176. As explained earlier, the BIA itself has expressed doubts that its holding in Jurado, which examined the same retail theft statute that Thakker was convicted of violating, is still valid after the Supreme Court's decision in Mathis. Thus, while we leave that issue for the BIA to decide on the merits in the first instance on remand, we conclude that there is a reasonable likelihood that Thakker would not have been found removable if counsel had meaningfully challenged whether Thakker's theft convictions constituted CIMTs. Due to counsel's error, Thakker was found removable without any analysis of whether his convictions constitute CIMTs after significant changes in the BIA's caselaw. This undermines our confidence in the removability determination. Accordingly, the BIA erred in denying the claim of ineffective assistance of counsel.

In conclusion, we hold that Thakker has shown that he satisfied the procedural requirements of Lozada and that his counsel's ineffective assistance denied him due

process.  We will remand the matter to the BIA to grant his motion to reopen and consider in the first instance whether Thakker's convictions constitute crimes involving moral turpitude in light of In re Diaz-Lizarraga, 26 I. & N. Dec. 847, 849 (BIA 2016), and Mathis v. United States, 136 S. Ct. 2243 (2016).

For the reasons above, we will dismiss the petition for review in No. 19-2780.  We will grant the petition for review in No. 20-1492, vacate the BIA's decision, direct the BIA to grant the motion to reopen, and remand the matter for further proceedings in accordance with this opinion.  Thakker's motion to supplement the record is denied, as the supplemental material is not necessary to our disposition of his petition.