**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2904
_____

PAVAN MAHESH VASWANI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A089-640-309)
Immigration Judge: Emily Farrar-Crockett
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(November 14, 2022)

Before: HARDIMAN, RESTREPO, and PORTER, *Circuit Judges*.

(Filed: November 15, 2022)

_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

     Pavan Vaswani petitions for review of a final order of removal issued by the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Board of Immigration Appeals. Vaswani contends the Board erred when it concluded that he failed to prove his removal would cause "extreme hardship" to his U.S.-citizen relatives. Because he challenges only factual and discretionary determinations, we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i). We will dismiss Vaswani's petition.

I

A native and citizen of India, Vaswani entered the United States on a student visa in 1998 and became a lawful permanent resident in 2007. In 2019, he was convicted of wire fraud and conspiracy, sentenced to 18 months' imprisonment, and ordered to pay $5.8 million in restitution. The Department of Homeland Security charged Vaswani with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) because his convictions were for aggravated felonies, and an Immigration Judge found him removable.

Vaswani later applied for adjustment of status under 8 U.S.C. § 1255(a) and sought a waiver of inadmissibility under 8 U.S.C. § 1182(h), arguing that his removal would cause extreme hardship to his wife, two children, and mother—all U.S. citizens. An IJ conducted a hearing to evaluate the extreme-hardship claim, at which Vaswani and his wife testified. They testified that Vaswani's wife and children would not relocate to India if he were removed, though his mother might. They also detailed the risks Vaswani's removal would pose to the physical and mental health of his four qualifying relatives based on his wife's and mother's preexisting medical conditions and his two school-aged children's anxiety.

The IJ determined that this testimony failed to show hardships that, even when combined, rise to the level of "extreme hardship." So Vaswani was statutorily ineligible

2

for adjustment of status. Vaswani appealed to the Board of Immigration Appeals. After reviewing the hardships Vaswani's wife, children, and mother would face, the Board dismissed the appeal, agreeing with the IJ that "the evidentiary record does not demonstrate that the hardships to [Vaswani's relatives], when considered individually and in the aggregate, rise to the level of extreme hardship." AR 9. Vaswani timely petitioned for review.

## II

Our jurisdiction over petitions for review of Board decisions is governed by 8 U.S.C. § 1252. We lack jurisdiction here because Vaswani challenges the Board's discretionary hardship determination without raising any colorable constitutional or legal claim. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Cospito v. Att'y Gen.*, 539 F.3d 166, 170–71 (3d Cir. 2008) (per curiam).

Vaswani challenges only one finding by the Board: that he failed to demonstrate his removal will result in extreme hardship to his qualifying relatives. Vaswani sought relief under 8 U.S.C. § 1182(h)(1)(B), which provides the Attorney General discretion to waive the application of certain criminal inadmissibility grounds if an alien's removal "would result in extreme hardship to the [alien's] United States citizen or lawfully resident spouse, parent, son, or daughter." We lack jurisdiction to review challenges to factual or discretionary decisions regarding § 1182(h) extreme-hardship determinations, 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022), and retain only the "narrowly circumscribed" jurisdiction under § 1252(a)(2)(D) to review "colorable constitutional claims or questions of law," *Cospito*, 539 F.3d at 170 (internal

quotation marks and citation omitted).

Vaswani raises no colorable constitutional or legal claim; he challenges only the Agency's factfinding and exercise of discretion. This challenge fails for the same reasons we explained in *Cospito*. *See* 539 F.3d at 170–71. There, we held that we lacked jurisdiction over a petition that argued the Agency gave insufficient weight to certain evidence, ignored other evidence, failed to adequately consider the emotional impact of removal, and evaluated hardships individually rather than jointly. *Cospito*, 539 F.3d at 170. Vaswani's arguments that the Agency failed to "aggregate the ordinary hardships to determine if they equal a determination of extreme hardship," Vaswani Br. 10, and "grossly misapplied the applicable legal standard," Vaswani Br. 22, are indistinguishable from those in *Cospito*.

Vaswani's framing on appeal—purporting to dispute the Board's "statutory interpretation of the standard for extreme hardship" and alleging that the Board's "misapplication of the legal standard in question also constitutes a violation of due process," Vaswani Br. 1—cannot save his petition. Vaswani "may not dress up a claim with legal clothing to invoke this Court's jurisdiction." *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020) (internal quotation marks and citation omitted); *see also Cospito*, 539 F.3d at 170 ("A party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review."). Here, both the Board and IJ invoked the correct rule in concluding that he failed to show the hardships, "when considered individually *and in the aggregate*, rise to the level of extreme hardship." *See* AR 9 (emphasis added); AR 79. Vaswani faults the Agency for

4

failing to properly apply the asserted aggregation rule, which calls into question only the Agency's factfinding and discretion.

      For these reasons, we will dismiss the petition for review.