**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1220
_____

WILLIAM PAPA ZOOMIE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-821-070)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: February 22, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

William P. Zoomie, who is proceeding pro se and in forma pauperis, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We will grant the petition and remand for further proceedings.

I.

Zoomie is a native and citizen of Liberia who entered the United States in 2001 as a refugee. In 2004, he was convicted in a Pennsylvania state court of rape, aggravated indecent assault, and other offenses. The trial court sentenced Zoomie to an aggregate of five to ten years in prison. Zoomie's conviction and sentence were affirmed on appeal.

Thereafter, Zoomie applied to adjust his status to that of lawful permanent resident and sought a waiver of his excludability from the United States. His application was denied, and the Department of Homeland Security ("DHS") charged Zoomie as removable for, among other things, having been convicted of a crime involving moral turpitude, 8 U.S.C. § 1182(a)(2)(A)(i)(I). In Zoomie's proceedings before the Immigration Judge, he conceded removability, renewed his application to adjust his status and waive excludability, and sought a deferral of removal under the CAT due to his fear that he would be tortured or killed in Liberia. His petition for relief was denied, the

2

BIA issued a final order of removal in 2010, and we denied his petition for review.  See

Zoomie v. Att'y Gen., 452 F. App'x 128 (3d Cir. 2011).

In November 2014, Zoomie moved to reopen his removal proceedings.  He

acknowledged that his motion was untimely under 8 U.S.C. § 1229a(c)(7)(C)(i), but

stated that his removal proceedings should be reopened due to changed country

conditions, in particular, the Ebola outbreak in Liberia, which he believed entitled him to

a grant of humanitarian asylum as well as CAT relief and withholding of removal.  As

support for his claim, Zoomie attached a travel warning issued by the Center for Disease

Control as well as several articles concerning the Ebola crisis in Liberia.

On December 18, 2014, the BIA denied Zoomie's motion as untimely, stating that

he did not qualify for an exception to the 90-day statute of limitation.  The BIA explained

that the Ebola outbreak did not qualify as a changed country condition entitling Zoomie

to relief, as it was not a change "material to his claim that he faces persecution on account

of a protected ground.  [His] fears concern general conditions, and he has not established

that he is at a greater risk than the general population."  (BIA Op. at 1.)  The BIA also

declined to reopen proceedings sua sponte, stating that Zoomie had not established an

"exceptional circumstance warranting" such relief.  (Id.)

Zoomie has now filed a petition for review, which the Government opposes.

II.

3

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252, and review the denial of a motion to reopen for abuse of discretion. Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). The Government correctly asserts that, with the exception of constitutional claims and questions of law, we lack jurisdiction over Zoomie's petition for review because he was found to be removable for committing a crime involving moral turpitude. See 8 U.S.C. § 1252(a)(2)(C), (D). The Government is also correct that Zoomie's argument that the BIA was "factually wrong" is an argument over which we lack jurisdiction. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007); Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008). However, we retain jurisdiction over Zoomie's arguments that the BIA erred by determining that he did not establish a prima facie case for eligibility for relief and that it failed to consider all of the evidence supporting his claims. See Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006); Abdulai v. Ashcroft, 239 F.3d 542, 549-550 (3d Cir. 2001).

Zoomie agrees that his motion was untimely unless he proved that an adverse change in country conditions—in this case, the Ebola crisis—warranted reopening his removal proceedings to consider his claims for relief. See 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA acknowledged the "Ebola-related challenges" in Liberia, but determined that Zoomie did not present sufficient evidence that there have been changes material to his claim that he faces future persecution on a protected ground, and thus denied his motion

4

to reopen.  See 8 C.F.R. § 1003.2(c)(3)(ii).  To the extent that Zoomie argued that he was entitled to reopening based on future persecution based on a protected ground, the BIA's decision was not "arbitrary, irrational, or contrary to law."  See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citing Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)).

However, we cannot tell from the BIA's decision—in the context of the motion to reopen or the decision not to sua sponte reopen the proceedings—whether it considered Zoomie's claim that the Ebola crisis entitled him to a grant of humanitarian asylum.[1] We express no opinion on whether reopening is appropriate on this basis.  However, because it is not clear that the BIA considered this claim and it is "thus impossible for us to meaningfully review its decision," we must remand so that the BIA can consider this issue in the first instance.  See Konan v. Att'y Gen., 432 F.3d 497, 502 (3d Cir. 2005).

For the foregoing reasons, we will grant the petition for review, vacate the BIA's order, and remand for further consideration in light of this opinion.

---

[1] Humanitarian asylum is appropriate when a petitioner has demonstrated "compelling reasons for being unwilling or unable to return to that country arising out of the severity of the past persecution," or has suffered past persecution and established "that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country. . . ."  8 C.F.R. § 1208.13(b)(1)(iii)(A), (B); see Matter of L-S-, 25 I. & N. Dec. 705 (BIA 2012).

5