NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
‗‗‗‗‗‗‗‗‗‗‗‗‗‗

No. 17-1268
‗‗‗‗‗‗‗‗‗‗‗‗‗‗


MANUEL AHMED ABDALE PIZARRO,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

‗‗‗‗‗‗‗‗‗‗‗‗‗‗


On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Kuyomars Q. Golparvar
(No. A087-099-885)
‗‗‗‗‗‗‗‗‗‗‗‗‗‗


Submitted Under Third Circuit LAR 34.1(a)
September 19, 2017

Before: AMBRO, KRAUSE, and SCIRICA, Circuit Judges

(Opinion filed: September 20, 2017)
‗‗‗‗‗‗‗‗‗‗‗‗‗‗

OPINION[*]
‗‗‗‗‗‗‗‗‗‗‗‗‗‗


AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Manuel Abdale Pizarro asks us to reverse the Board of Immigration Appeals'

("BIA") denial of a discretionary waiver of inadmissibility. We are without jurisdiction to

do so and thus dismiss his petition with respect to the BIA's exercise of discretion and

deny it with respect to all other issues raised. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Cospito v.*

*Att'y Gen. of U.S.*, 539 F.3d 166, 170 (3d Cir. 2008).

## I.      BACKGROUND

Pizarro first entered the United States in 1987. He later married and now has six

children, all of whom are United States citizens. Between 2002 and 2009, Pizarro worked

as a mortgage loan officer. In 2009, he was indicted on wire fraud charges for overstating

borrowers' incomes on two mortgage loan applications. Pizarro pled guilty and the Court

sentenced him to spend 366 days in prison and to pay $370,000 as compensation for the

loss caused by the two mortgage loan foreclosures.

The wire-fraud conviction set in play a downward spiral for Pizarro. Fearing

prison, he obtained $13,000 from an acquaintance, which he claims he planned to pay

back (the record is not clear precisely how he came by the money), and absconded to

Ecuador. Pizarro reentered the United States by crossing the southern border without

authorization in 2013 and was apprehended a year later. He was subsequently convicted

of failing to appear to serve his initial wire-fraud sentence as well as embezzling the

$13,000.

In 2015 the Government began proceedings to remove Pizarro from the United

States as an alien convicted of an aggravated felony. *See* INA § 237(a)(2)(A)(iii),

8 U.S.C. § 1227(a)(2)(A)(iii). To avoid deportation, he requested an adjustment of status, and it is undisputed that he cannot obtain the relief he requests without the grant of a discretionary waiver of inadmissibility pursuant to INA § 212(h). *See* 8 U.S.C. § 1182(h).

Under INA § 212(h) waivers may be granted, among other reasons, if removal would result in "extreme hardship" for citizens or permanent-residents who are members of the petitioner's immediate family. *See* 8 U.S.C. § 1182(h). Whether to grant a waiver of inadmissibility is left to the discretion of the Attorney General, but immigrants who were "lawfully admitted for permanent residence" in the United States before being "convicted of an aggravated felony" are statutorily ineligible for a waiver. *Id.*

The Immigration Judge assigned to Pizarro's case held both that he was statutorily ineligible for a waiver and that, even if he were eligible, the IJ would exercise his discretion to deny the waiver because Pizarro's criminal record outweighed the hardship his family would suffer from his deportation. J.A. 16–19. The BIA upheld the IJ's denial on the latter ground only. J.A. 4. Pizarro filed a motion to reconsider, which the BIA denied. He appeals that denial.

## II.    ANALYSIS

The IJ held Pizarro had been lawfully admitted for permanent residence before he committed an aggravated felony (*i.e.*, wire fraud) and was thus statutorily ineligible for a waiver of inadmissibility per INA § 212(h). *See* 8 U.S.C. § 1182(h). Pizarro disagrees, arguing that because he initially entered the United States on a tourist visa he does not trigger the statute's ineligibility provision. We do not reach this issue, however, because

3

the BIA affirmed the IJ on the independent ground that Pizarro does not merit a waiver of inadmissibility as a matter of discretion.

Pizarro also takes issue with this second ground for denial of his waiver request. He disagrees with the IJ and BIA's balancing of the relevant factors in his case that bear on whether a discretionary waiver should issue. But Congress has decreed that "our jurisdiction does not extend to an agency's factual and discretionary determinations underlying the denial of waivers based on an analysis involving extreme hardship." *Cospito*, 539 F.3d at 170; *accord* 8 U.S.C. § 1252(a)(2)(B)(i). Thus we cannot second-guess whether Pizarro's particular circumstances warrant a waiver.

Finally, Pizarro contends that the IJ applied the wrong standard, requiring him to demonstrate that his deportation would lead his family to suffer not merely "extreme hardship" but "exceptional and extremely unusual hardship." *Compare* 8 U.S.C. § 1182(h)(1)(B) *with* Pet'r's Br. at 20–21. But this contention finds no support in the record, which shows the IJ applied the appropriate "extreme hardship" standard. *See* J.A. 16–19.

\* \* \* \* \*

Regardless whether the IJ was correct that Pizarro is statutorily barred from receiving a waiver of inadmissibility, the IJ and BIA also determined that he should not receive one as a matter of discretion. The record demonstrates that they applied the proper standard to Pizarro's request, and we lack jurisdiction to review their exercise of discretion. Accordingly, we dismiss Pizarro's petition for review with respect to that exercise of discretion and deny it with respect to all other issues.