NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1261
_____

JUAN TOMAS SANCHEZ-RODRIGUEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Kuyomars "Q" Golparvar
(Agency No. A089-607-146)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2018

Before: AMBRO, CHAGARES and GREENAWAY, JR., Circuit Judges

(Opinion filed: September 28, 2018)

_____

OPINION*
_____

AMBRO, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Juan Tomas Sanchez-Rodriguez asks us to reverse the denial by the Board of Immigration Appeals of a discretionary waiver of inadmissibility. We lack jurisdiction to do so, and thus we dismiss his petition. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008).

Sanchez-Rodriguez first entered the United States in 2000. He later married a United States citizen, and his status was adjusted to lawful permanent resident. Sanchez-Rodriguez's immigration problems began after he was convicted for fraud and identity theft, and the Government sought to remove him from the United States as an "alien who is convicted of an aggravated felony at any time after admission[.]" 8 U.S.C. § 1227(a)(2)(A)(iii).

To avoid removal, Sanchez-Rodriguez requested an adjustment of status, and it is undisputed that he cannot obtain the relief he requests without a discretionary waiver of inadmissibility. *See id.* § 1182(h). Waivers may be granted, among other reasons, if removal would result in "extreme hardship" for a citizen or a permanent resident who is a member of the petitioner's immediate family. *See id.* The Immigration Judge ("IJ") held both that Sanchez-Rodriguez was statutorily ineligible for a waiver and that, even if he were eligible, the IJ would exercise his discretion to deny the waiver because Sanchez-Rodriguez's criminal record outweighed the hardship his family would suffer from his removal. The Board dismissed his appeal.

Sanchez-Rodriguez disagrees with the IJ and Board's balancing of the factors that bear on whether they decide to grant a discretionary waiver. But Congress has decreed that "our jurisdiction does not extend to an agency's factual and discretionary determinations underlying the denial of waivers based on an analysis involving extreme hardship." *Cospito*, 539 F.3d at 170; *accord* 8 U.S.C. § 1252(a)(2)(B)(i). We cannot

2

second guess whether his particular circumstances warrant a waiver.  Accordingly, we dismiss his petition for review.