NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2967
_____

ANDELSON FERREIRA-DE SOUZA,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(Agency No. A079-656-584)
Immigration Judge: Ramin Rastegar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 24, 2021

Before: GREENAWAY, JR., SHWARTZ, *Circuit Judges*, and KANE, *District Judge*.[*]

(Filed: August 6, 2021)
_____

OPINION[**]
_____

GREENAWAY, JR., *Circuit Judge*.

_____

[*] The Honorable Yvette Kane, United States District Judge for the Middle District
of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

Petitioner Andelson Ferreira-De Souza ("Souza") seeks review of the August 27, 2020, decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") denial of his second motion to reopen his removal proceedings. The BIA did not abuse its discretion in denying this motion. We will deny Souza's petition.

## I.     BACKGROUND

Souza is a citizen of Brazil who entered the United States through Nogales, Arizona without inspection in May 2002. Shortly after his arrival, the Immigration and Naturalization Service served Souza with a Notice to Appear ("NTA") in Immigration Court that failed to specify the date and time of Souza's hearing. The NTA charged that Souza was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i). A Notice of Hearing was later mailed to Souza, stating that his case was scheduled for a master calendar hearing on May 13, 2002. Souza appeared for the hearing. At a subsequent master calendar hearing in August 2002, the Immigration Court granted Souza voluntary departure until December 2002, with an alternate order of removal to Brazil. Souza did not appeal the IJ's decision. It then became a final administrative order of removal. Souza did not depart the United States within the voluntary departure period. Thus, the alternate order of removal became final.

In February 2019, Souza, through counsel, moved to reopen his removal proceedings. He sought sua sponte reopening pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In that case, the Supreme Court held that an NTA that does not designate a specific time and place of a noncitizen's removal proceedings does not trigger the stop-

time rule ending the period of continuous presence in the United States for purposes of 8 U.S.C. § 1229b(d)(1). *Id.* at 2109-10. The IJ denied Souza's motion to reopen, finding that the service of both the NTA and subsequent Notice of Hearing were enough to vest the court with jurisdiction and to meet the statutory notice requirements in 8 U.S.C. § 1229(a). The IJ determined that Souza could not meet the ten-year continuous physical presence requirement and therefore could not establish prima facie eligibility for cancellation of removal. The IJ also found that Souza did not establish exceptional circumstances requiring sua sponte reopening of the proceedings.

In October 2019, Souza, again through counsel, filed a second motion to reopen, alleging that country conditions had changed in Brazil. Souza claimed that he would be targeted in Brazil based on his bisexual orientation and rising violence against LGBTQ individuals following Jair Bolsonaro's election as president. In support of his motion to reopen, Souza submitted an asylum application and written statement in which he asserted that he has always been bisexual but got married and had three children because of family pressure. Souza also submitted several articles documenting political and civil strife and human rights conditions in Brazil, including articles about a rise in aggression toward LGBTQ individuals following Bolsonaro's rise to power.

Souza did not mention his sexual orientation in his prior immigration proceedings, and he did not file an asylum application during his 2002 proceedings. The Department of Homeland Security opposed Souza's motion.

In January 2020, the IJ denied Souza's motion to reopen. The IJ determined that the articles that Souza submitted did not show that conditions have worsened for the

3

LGBTQ community since his last proceedings in 2002. The IJ thus concluded that Souza failed to provide sufficient evidence showing changed country conditions, prima facie eligibility for relief, or a likelihood of success upon reopening. The IJ also held that his motion was time-barred and number-barred, and that Souza had failed to establish exceptional circumstances warranting sua sponte reopening of his case.

Souza appealed the decision to the BIA, which adopted and affirmed the IJ's decision in August 2020. The BIA found no clear error in the IJ's factual findings and agreed that Souza had not established a material change in country conditions in Brazil or prima facie eligibility for relief. Souza now seeks review of the BIA's decision dismissing his appeal.[1]

## II.    JURISDICTION AND STANDARD OF REVIEW

The IJ had jurisdiction to review Souza's motion to reopen pursuant to 8 C.F.R. § 1003.23, and the BIA had jurisdiction to review his appeal pursuant to 8 C.F.R. §

---

[1] On appeal before this Court, Souza argues that the BIA "rendered an arbitrary decision when it failed to determine sua sponte that the [NTA] served on [him] was defective and was not cured by subsequent notice of hearing." Pet'r's Br. 24. But as the BIA noted, Souza did not appeal the IJ's March 5, 2019 decision, which addressed that matter. The BIA therefore did not reach the jurisdictional issue. As a result, we lack jurisdiction over Souza's argument in his opening brief about the defectiveness of his NTA. *See Cospito v. Att'y Gen.*, 539 F.3d 166, 170 n.2 (3d Cir. 2008) (exhaustion of administrative remedies is "mandatory and jurisdictional") (citing 8 U.S.C. § 1252(d)(1)). We also lack jurisdiction over Souza's challenge to the BIA's refusal to sua sponte reopen his proceedings because of the defective NTA. Souza does not meet any exception that would vest us with jurisdiction. *See Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650-51 (3d Cir. 2017) (holding that the Court lacks jurisdiction to review BIA decisions denying sua sponte reopening absent two exceptions: reliance on an "incorrect legal premise," or when the BIA has "constrained its discretion through rule or settled course of adjudication").

4

1003.1(b)(3). We have jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a)(1).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir. 2009). We will only disturb the BIA's denial of a motion to reopen where it was "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004) (quoting *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994)), *as amended* (Dec. 3, 2004). We treat the BIA's factual determinations as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). And we review the BIA's legal conclusions under a de novo standard of review. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). Because the BIA affirmed and specifically referenced the decision of the IJ, we will review the referenced sections of the IJ's opinion. *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 425 (3d Cir. 2011).

## III. ANALYSIS

We agree with Respondent that the BIA acted within its discretion when it denied Souza's second and untimely motion to reopen.

Generally, a petitioner may file only one motion to reopen proceedings, within ninety days after a final administrative decision. 8 U.S.C. § 1229a(c)(7)(A)-(C). But a change in country conditions in the country to which a petitioner has been ordered removed may provide an exception to those time and number restrictions, where evidence of changed country conditions "is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i).

5

Here, Souza needed to show a change in country conditions in Brazil that occurred since his prior proceeding in August 2002—when he agreed to voluntary departure. Souza alleges that he would be persecuted in Brazil because of his bisexual identity. *See* Pet'r's Br. 26 ("[T]he current president of Brazil's actions threaten LGBTQ lives, freedom and rights and [Souza's] political opinion."). In support of his motion to reopen, Souza submitted an asylum application and written testimony claiming that he has always been bisexual, despite being married with three children. Souza also submitted several articles documenting political and civil strife in Brazil, including articles regarding a rise in aggression toward LGBTQ individuals following Bolsonaro's election to the presidency.

But the IJ's decision, and the BIA's subsequent review of that decision, both reveal that each considered the arguments and evidence that Souza presented. The IJ concluded that although the 2018 Department of State Human Rights Report for Brazil "does indicate that violence against the LGBTI community remains a serious problem in Brazil, [Souza] has not provided evidence to demonstrate that country conditions have worsened for this community since his last proceedings in 2002." App. 39-40. Indeed, the IJ noted that the materials Souza submitted show that Brazil legalized same sex marriage in 2013 and that several states in Brazil have enacted laws prohibiting discrimination because of sexual orientation. The IJ determined that Souza had not "provided any evidence to indicate that such rights or laws have been repealed since the presidential election. Nor has [Souza] explained why he failed to make any mention of his sexual orientation in his first motion to reopen filed on February 8, 2019." App. 40.

The IJ thus held that Souza did not satisfy his burden under 8 C.F.R. § 1003.23(b)(3), and the BIA found no clear error in the IJ's factual findings.[2]

The IJ, and the BIA on review, meaningfully considered the evidence and arguments presented. Souza's submissions themselves showed a continuation of mistreatment of LGBTQ individuals in Brazil, rather than a material change in country conditions. Thus, the BIA did not abuse its discretion in denying his motion to reopen. *See Pllumi v. Att'y Gen.*, 642 F.3d 155, 161 (3d Cir. 2011) (BIA did not err in denying reopening when evidence did "not indicate meaningfully changed country conditions," but instead "suggest[ed] that the conditions described have persisted" (internal quotation marks omitted)).

## IV.   CONCLUSION

For these reasons, we will deny the petition for review.

---

[2] In addition to failing to show materially changed country conditions, Souza failed to establish prima facie eligibility for relief because the evidence he presented did not demonstrate that he would be personally targeted for persecution in Brazil based on his sexual orientation.