NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-2971 & 21-1807
_____

FRANCISZEK KRASZTOF BYSTRON,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the Board of Immigration Appeals
(Agency No. A097-615-784)
Immigration Judge: Edward R. Grant
_____

Submitted under Third Circuit LAR 34.1(a)
On May 20, 2022
_____

Before: McKEE, JORDAN, and FUENTES, *Circuit Judges*

(Filed: May 24, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Franciszek Bystron filed two petitions to review Board of Immigration Appeals' decisions. Bystron's first petition (No. 20-2971) seeks review of a final order of removal denying his application for adjustment of status and waiver of inadmissibility. He argues the BIA erred in its assessment of his claim of extreme hardship. Bystron's second petition (No. 21-1807) is for review of the BIA's denial of his motion to reopen the proceedings in light of evidence that he claims was previously unavailable. For the reasons that follow, we will dismiss both petitions for review.

**I.**

The proceedings relevant to Bystron's first petition, No. 20-2971, were initiated after his conviction for bank fraud. **Pet. Br. 1, 7, 10, 12; Resp. Br. 14.** The government argues we must dismiss the petition because we lack jurisdiction to review the agency's discretionary decision to deny waivers of inadmissibility, **Resp. Br. 2, 11, 13**, and because Bystron was convicted of an aggravated felony, *id.* **at 2, 20.**

Bystron can only return to the United States if granted a waiver of inadmissibility. The BIA agreed with the Immigration Judge's conclusion that Bystron did not meet his burden of demonstrating that his wife or children would suffer extreme hardship, particularly given the numerous family and friends in Poland who could aid the family's

transition to Poland.  **R. at 18-19; Pet. Br. 5; Resp. Br. 11.**  We lack jurisdiction to review the BIA's factual and discretionary denial of Bystron's claim of extreme hardship.[1]

We have routinely recognized our lack of jurisdiction to review the BIA's discretionary determinations, including rulings on requests for waivers of inadmissibility.[2] Specifically, 8 U.S.C. § 1252(a)(2)(B)(i) expressly precludes our review of the denial of a waiver of inadmissibility.[3]  In addition, 8 U.S.C. § 1252(a)(2)(C) precludes our review of any final order of removal of a noncitizen who has committed an aggravated felony.[4] Since Bystron's bank fraud conviction is an aggravated felony, he is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and we may not review the BIA's removal order.[5]

---

[1] *See Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) ("[O]ur jurisdiction does not extend to an agency's factual and discretionary determinations underlying the denial of waivers based on an analysis involving extreme hardship.").
[2] *See Chiao Fang Ku v. Att'y Gen.,* 912 F.3d 133, 144 (3d Cir. 2019).
[3] 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review– (i) any judgement regarding the granting of relief under section *1182(h)*, 1182(i), 1229b, 1229c, or 1255 of this title . . . .") (emphasis added); *see also Chiao Fang Ku*, 912 F.3d at 144.
[4] 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provisions of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . [8 U.S.C. §] 1227(a)(2)(A)(iii) . . . ."). Bystron's bank fraud conviction is a criminal offense covered in 8 U.S.C. § 1227(a)(2)(A)(iii). *See Drakes v. Zimski*, 240 F.3d 246, 247 (3d Cir. 2001) ("It is by now well understood that under 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to consider a final order of removal against an alien convicted of one or more specified criminal offenses.").  Petitioner can restore our jurisdiction if he raises constitutional claims or questions of law.  *See* 8 U.S.C. § 1252(a)(2)(D); *see also Fan Wang v. Att'y Gen.*, 898 F.3d 341, 343 (3d Cir. 2018).
[5] 8 U.S.C. § 1227 (a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

Bystron has not raised any constitutional claims or questions of law that would restore our jurisdiction over this appeal.[6]  To the extent that Bystron's arguments can be construed to involve colorable constitutional or legal questions, they lack merit.  Bystron does not claim that the BIA applied the wrong law or failed to consider relevant facts.  Instead, he is challenging *how* the BIA considered the facts.  That is not open to judicial review.[7]

Bystron argues that the BIA failed to make an individualized determination of his claim in violation of his due process rights.[8]  **Pet. Br. 5-6; Pet. Br. 15.**  However, the BIA's decision contains "sufficient indicia" that it undertook an individualized determination.[9]  The BIA expressly considered the "possibility of other means of adjustment of status or future entry" as a factor in its analysis.  **R. at 19.**  While the BIA does not elaborate on this point, due process does not require the BIA to provide detailed statements of its reasoning and conclusions.[10]

Bystron's alternative claim is that the BIA abused its discretion by not considering his ability to return to the United States lawfully as a permanent resident or visitor.  **Pet.**

---

[6] *See Fan Wang*, 898 F.3d at 343.

[7] *See Jarbough v. Att'y Gen.,* 483 F.3d 184, 189 (3d Cir. 2005) (noting that arguments that the BIA incorrectly weighed evidence or failed to consider evidence are not questions of law for judicial review of orders of removal).

[8] Petitioner's alleged due process violation is reviewed de novo.  *See Abulashvili v. Att'y Gen.*, 663 F.3d 197, 207 (3d Cir. 2011).

[9] *See Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005) ("The Board's decision need only provide 'sufficient indicia' that [an individualized] determination was made.").

[10] *Id.* at 212 ("[A]n agency need only set forth the basis of its administrative action 'with such clarity as to be understandable'; it need not provide a detailed statement of its reasoning and conclusions.").

**Br. 16.** The BIA abuses its discretion where its actions are arbitrary, irrational, and contrary to law.[11] As discussed above, the BIA did consider the possibility of other means of adjustment of status and future entry. **R. at 19.** Therefore, this argument also fails.

Bystron also makes an unsupported claim that the BIA's case law is inconsistent and erroneous because the extreme hardship standard required for waivers of inadmissibility outlined in the regulation, 8 C.F.R. § 1240.58(b),[12] appears to be the same as the standard for removal cases. **Pet. Br. 18; Resp. Br. 17.** However, the hardship standard applied in cancellation of removal cases, exceptional and extremely unusual, requires a greater showing than the ordinary extreme hardship standard required for waivers of inadmissibility.[13]

---

[11] *See Jian Lian Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

[12] Bystron cites to 8 C.F.R. § 1240.58(b), which provides a non-exhaustive list of factors that may be considered in evaluating whether deportation would result in *extreme hardship* to the noncitizen or to the noncitizen's qualified relative. This extreme hardship standard is used for waivers of inadmissibility under 8 U.S.C. § 1182(h). This is different from cancellation of removal under 8 U.S.C. § 1229(b), which requires the noncitizen to show that she "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [her] application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under . . . [8 U.S.C. § 1182(a)(2), 1227(a)(2), or 1227(a)(3)] . . .; and (D) establishes that removal would result in *exceptional and extremely unusual hardship* to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." (emphasis added). *See Pareja v. Att'y Gen.*, 615 F.3d 180, 185–86 (3d Cir. 2010) (noting that exceptional and extremely unusual hardship is the standard for cancellation of removal cases).

[13] *See Pareja*, 615 F.3d 180 at 191–93 (discussing how exceptional and extremely unusual is a higher standard than ordinary extreme hardship). The Court does not have jurisdiction to review this issue because it was not raised to the BIA. 8 U.S.C. § 1252(d)(1) states that we may review a final order of the Board of Immigration Appeals "only if…the alien has exhausted all administrative remedies available to the alien as of right." *See Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012).

## IV.

Petitioner's second petition, No. 21-1807, seeks review of the BIA's final order of removal, denying his motion to reopen after he moved to reopen the proceedings because of additional mental health documentation concerning the harm his eldest daughter would face if he was removed to Poland. **R. at 3-4, 7-16, 21-30.**

We lack jurisdiction to review this petition for the reasons just explained. Challenging the discretionary denial of relief through a motion to reopen does not change the jurisdictional analysis.[14] Accordingly, we are statutorily barred from reviewing this petition as well.[15] Like the first petition, Bystron can overcome this statutory bar by raising constitutional claims or question of law.[16]

Bystron attempts to raise a constitutional claim by contending that the BIA violated his right to due process when it failed to provide him with an individualized review of his motion to reopen in a meaningful manner. **Pet. Br. 14.** However, the record shows that the BIA considered the evidence and the arguments that Bystron presented.[17] **R. at 18-20.** Therefore, there was no due process violation.

---

[14] *See Cruz v. Att'y Gen.*, 452 F.3d 240, 246–47 (3d Cir. 2006) (discussing situations that eliminate our jurisdiction to review denials of motions to reopen, such as being a noncitizen removable for having committed an enumerated offense).

[15] 8 U.S.C. § 1252(a)(2)(B)(i) precludes review of any judgment regarding waivers of inadmissibility under U.S.C. § 1182(h), and Bystron's motion to reopen challenges the agency's underlying discretionary determination regarding his waiver of inadmissibility. 8 U.S.C. § 1252(a)(2)(B)(C) precludes review because petitioner was removable for having been convicted of an aggravated felony.

[16] *See Fan Wang*, 898 F.3d at 343.

[17] *See Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (noting that due process requires that a decisionmaker "actually consider the evidence and argument that a party presents.").

Bystron's closest constitutional argument—that it would be difficult to return to the United States as an aggravated felon to see his children—also fails. Parents have a constitutional right to be an active and integral part of their children's lives.[18] The interest of parents in the care and upbringing of their children is a fundamental liberty interest.[19] However, the fact that Bystron's children could accompany him to Poland undermines his concern about separation from his family. Specifically, if returned to Poland, his children who can speak Polish would have free education and healthcare, and his wife's medical condition of endometriosis could also be treated there. **R. at 79, 81-82, 89.** Accordingly, Bystron has not raised a reviewable question of law or constitutional claim, and we do not have jurisdiction to review his petition.

## V.

For the foregoing reasons, we must dismiss both petitions for review.

---

[18] *See Troxel v. Granville*, 530 U.S. 57, 65 (2000); *see also Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534–35 (1925) (recognizing the liberty of parents to direct the upbringing of children).
[19] *Troxel*, 530 U.S. 57 at 65.