**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2706
_____

CARLOS ENRIQUE HERNANDEZ-VASQUEZ,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. 206-907-728)

Immigration Judge: Emily Farrar-Crockett
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 17, 2022
_____

Before: GREENAWAY, JR., MATEY, and ROTH, *Circuit Judges*.

(Opinion Filed: February 1, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Petitioner Carlos Enrique Hernandez-Vasquez seeks review of an order entered by an immigration judge (IJ) and affirmed by the Board of Immigration Appeals (BIA) denying cancellation of his removal. Petitioner makes two arguments in favor of review: (a) the denial of his petition for cancellation turned on an arbitrary and capricious legal presumption relating to his character, and (b) even if that presumption was valid, the BIA erred in finding that Petitioner had not rebutted it. The Government moved for dismissal for lack of jurisdiction. Because Hernandez-Vasquez failed to exhaust the first argument and the second is a matter of unreviewable discretion, we will grant the motion to dismiss the petition for review.

## I. BACKGROUND

### A. Factual Background

Carlos Hernandez-Vasquez is a Guatemalan citizen who entered the United States unlawfully in 2004. In 2015, the Department of Homeland Security (DHS) placed him into removal proceedings under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without being admitted or paroled.

Petitioner admitted the allegations but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Eligibility for that relief required him to show, among other things, that he had been a "person of good moral character" for the ten years preceding the application. *Id.* § 1229b(b)(1)(B). Finding that Petitioner had failed to meet that burden, the IJ denied relief.

In reaching this conclusion, the IJ weighed heavily two DUI convictions Petitioner received during the ten-year period.[1] Citing *In re Castillo-Perez*, 27 I. & N. Dec. 664, 664, 667, 671 (A.G. 2019), the IJ concluded that where an applicant for cancellation is convicted of two or more DUI offenses, there is a rebuttable presumption that the applicant lacks "good moral character." The IJ recognized that Petitioner had presented some evidence of good character—including evidence that he had paid taxes, that his wife described him as a loving husband who takes care of his family, that his friends described him as kind, and that his employers said that he was a good worker—but concluded that this evidence was insufficient to rebut the presumption created by *Castillo-Perez*.

### B. Procedural History

On appeal to the BIA, Petitioner argued that the IJ erred by applying the *Castillo-Perez* presumption to his application because (1) the presumption could not be applied retroactively, (2) *Castillo-Perez* was distinguishable on its facts, and (3) he had rebutted the presumption.[2] The BIA rejected these arguments and dismissed the appeal.

---

[1] The IJ also cited a third, pending DUI charge and two separate, unrelated convictions for Reckless Driving and No Valid License as evidence against a finding of good character. The IJ's holding, however, turned on the multiple-DUI presumption established in *Castillo-Perez*. A.R. 60 ("Thus, the Court finds that Respondent's good moral character evidence is not substantial enough to overcome the [*Castillo-Perez*] presumption.").

[2] Petitioner also argued that: (1) the IJ lacked jurisdiction over the proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because the Notice to Appear (NTA) failed to set a date and time for his initial hearing and (2) the IJ erred by denying his motion for a continuance. Petitioner has abandoned these issues in the present appeal, and we do not consider them.

Petitioner timely filed a pro se petition for review by this Court and a motion for a stay of removal. The Court denied Petitioner a stay, leaving only the present appeal. In this appeal, Petitioner abandons his arguments about retroactivity and applicability. Instead, he argues that (a) the presumption created in *Castillo-Perez* is legally invalid and is not entitled to *Chevron*[3] deference because it is contrary to congressional intent and/or an unreasonable interpretation of 8 U.S.C. §§ 1229b(b)(1) and 1101(f) and (b) even if *Castillo-Perez* is valid, the agency erred in concluding that Petitioner did not rebut the presumption that he lacks "good moral character."

The Government moved to dismiss this petition for review, arguing that this Court lacks jurisdiction to consider both of Petitioner's arguments because (a) Petitioner failed to exhaust the statutory interpretation question and (b) this Court lacks jurisdiction over the discretionary determination of whether Petitioner rebutted the presumption.

## II. JURISDICTION AND STANDARD OF REVIEW

The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). This Court has jurisdiction to review a final order of removal issued by the BIA under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA "issues a decision on the merits and not simply a summary affirmance," this Court reviews the decision of the BIA, not the IJ. *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006). We look to the IJ's opinion only in so far as the BIA "defers to it." *Huang v. Att'y Gen.*, 620 F.3d 373, 379 (3d Cir. 2010).

---

[3] *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

We review questions of jurisdiction *de novo*, *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012), and questions of law *de novo*, subject to administrative deference under *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Huang*, 620 F.3d at 379.

## III. DISCUSSION

### A. Exhaustion

This Court may review a final order of removal if and only if the petitioner has exhausted "all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d)(1). The Court's exhaustion policy is "liberal," *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006), and a petitioner "need not do much to alert the [BIA] that [he or she] is raising an issue." *Id.* Exhaustion is a question of notice, and the requirement is satisfied "so long as [a petitioner] makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal." *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005).

While the threshold for exhaustion is forgiving, where it is not satisfied, the jurisdictional bar is absolute. *Lin v. Att'y Gen.*, 543 F.3d 114, 120 (3d Cir. 2008) ("As compared to judicially-crafted exhaustion doctrines, statutory exhaustion requirements deprive us of jurisdiction over a given case."). No exhaustion; no jurisdiction.

Although the Court has held that futility is generally not a defense, *see Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003), it has recognized an exception to the exhaustion requirement when the BIA lacks authority to adjudicate the issue or provide a remedy. *See Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005) (explaining that

a claim is subject to the exhaustion requirement if and only if "(1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien."); *see also Popal v. Gonzales*, 416 F.3d 249, 253 n.2 (3d Cir. 2005) ("[T]he duty to exhaust extends only to those administrative remedies available to the alien as of right."). For example, Due Process claims are "exempt from exhaustion because the BIA does not have jurisdiction to adjudicate constitutional issues." *Bonhometre*, 414 F.3d at 447 n.7 (cleaned up).

We are thus presented with two sub-questions: (i) did Petitioner put the BIA on notice that he wished to challenge the statutory permissibility of the presumption created in *Castillo-Perez* or (ii) was Petitioner exempt from exhausting this argument because the BIA lacked the authority to consider or remedy this claim? The answer to both questions is no, and we lack jurisdiction.

### i. Petitioner did not put the BIA on notice that he was challenging *Castillo-Perez*.

Petitioner failed to raise the argument that the multiple-DUIs rebuttable presumption established in *Castillo-Perez* was "arbitrary, capricious, or manifestly contrary to the statute" to the BIA. Instead, his arguments concerning *Castillo-Perez* were limited to whether the presumption could be applied retroactively, whether the cases were factually distinguishable, and whether the evidence he presented overcame the presumption. None of these issues put the IJ or BIA on notice that the *Castillo-Perez* presumption itself was being challenged, and neither the IJ nor the BIA addressed the

6

permissibility of *Castillo-Perez* in their opinions. Because the BIA was not "on notice" that *Castillo-Perez* was being challenged, Petitioner failed to exhaust this argument.

### ii. Petitioner was not exempt from raising his claim before the BIA.

Petitioner's challenge of *Castillo-Perez* was within the jurisdiction of the BIA and the BIA was capable of providing a remedy. In so far as Petitioner suggests that the BIA lacks authority to review whether *Castillo-Perez* was entitled to *Chevron* deference, he would be correct. *Chevron* deference is a judicial doctrine applied by Article III courts. Administrative agencies, like the BIA, do not and cannot determine whether their own rulings are entitled to deference.

What the BIA *did* have authority to answer was the statutory interpretation question underlying this challenge: whether the presumption created in *Castillo-Perez* was forbidden by §§ 1229b(b)(1) or 1101(f). The fact that the BIA had previously answered this question did not excuse Petitioner from raising this challenge below. *See Popal*, 416 F.3d at 252–53 ("[T]he fact that the BIA has considered and rejected the petitioner's argument in *another* case will not normally excuse a petitioner's failure to raise it in his own appeal to the BIA . . . . An alien must exhaust all administrative remedies available to him, even if he reasonably predicts that these remedies are unlikely to do him any good."). Nor did the BIA lack the ability to provide a remedy: if it found Petitioner's argument persuasive, it could have certified the issue to the Attorney General to overrule, alter, or narrow the presumption created in *Castillo-Perez*. 8 C.F.R. § 1003.1(h)(1)(ii).

7

Because Petitioner failed to exhaust his present argument and the BIA had authority to consider and remedy it, we lack jurisdiction. § 1252(d)(1).

### B. Discretion

Similarly, we lack jurisdiction to review Petitioner's claim that he overcame the presumption against good moral character. Pursuant to § 1252(a)(2)(B)(i), the Court may not review "any judgment regarding the granting of relief" under § 1229b unless a petitioner raises "constitutional claims or questions of law." *See Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020); *see* 8 U.S.C. § 1252(a)(2)(D). This prohibits the Court from considering any discretionary decisions and factual findings "relating to the granting of relief." *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022); *see also Hernandez-Morales*, 977 F.3d at 249.

The issue Petitioner presents is not one of law but one of discretion. In his brief, Petitioner requests that the Court consider whether he presented "*sufficient [evidence]* to overcome any presumption of a lack of good moral character," App. Br. at 6 (emphasis added), or demonstrated that his "good moral character is not *outweighed* by [his DUI convictions]," *id.* at 19 (emphasis added). But questions about the weight of evidence "amount to nothing more than quarrels over the exercise of discretion," *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (cleaned up). We have previously held that disputes over the satisfaction of § 1229b(b)(1)'s other requirements also amount to unreviewable questions of discretion, and we so hold now. *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003) (describing the agency's determination that removal would not result in "exceptional and extremely unusual hardship" to a qualifying

relative as "a quintessential discretionary judgment"). Because Petitioner presents questions of discretion and factual sufficiency and not questions of law, we lack jurisdiction.

## IV. CONCLUSION

Accordingly, we dismiss Petitioner's claims for want of jurisdiction.